**In the Matter of Charles W. SMITH, Debtor.**

**Bankruptcy No. 79–00149G.**

United States Bankruptcy Court, N. D. Georgia, Gainesville Division.

Oct. 20, 1980.

Frank W. Scroggins, Atlanta, Ga., for petitioner.

## ORDER APPOINTING A TRUSTEE

### FACTS

WILLIAM L. NORTON, Bankruptcy Judge.

A petition for relief under Chapter 11 of the Bankruptcy Code was filed December 4, 1979, by Charles W. Smith, an individual. The Debtor, Charles W. Smith, was appointed debtor–in–possession pursuant to 11 U.S.C. § 1107. The Debtor died on August 13, 1980. The principal asset of the Debtor was approximately 840 acres of resort property located along the banks of the Chattahoochee River in historic Nacoochee Valley, White County, Georgia. Substantial progress towards rehabilitation has been accomplished[1] and a Plan of Reorganization appears possible if the proceedings are allowed to continue.

The Debtor's attorney has filed an application for the appointment of the Debtor's son, JAMES SHELBY SMITH, as Trustee of the estate. Notice and hearing was given as provided by Section 1104 of the Bankruptcy Code (11 U.S.C. 1104). Evidence was submitted convincing the Court that such appointment is in the best interest of the creditors and the Debtor's estate and no objections were interposed to the appointment of the Debtor's son, JAMES SHELBY SMITH.

### CONCLUSIONS OF LAW

Neither the Court nor counsel can find an express provision of the Bankruptcy Code which deals with the death of an individual Debtor in a Chapter 11 case before a Plan of Reorganization has been filed. Under Section 8 of the Bankruptcy Act and Bankruptcy Rule 118, it was clear that a bankruptcy case would not abate due to the death of a Bankrupt, but would continue to be administered by the Trustee. The new Bankruptcy Code does not contain a similar

1. The Debtor before his death, following a hearing held on June 11, 1980, and pursuant to Orders of this Court, sold a part of the property for $426,250.00, $100,000.00 of which is to be used to construct a bridge across the Chattahoochee River, which will afford access to a large part of the remainder so that it also can be offered for sale. If the Debtor's projections are realistic, an orderly sale of recreational lots of approximately 10–15 acres will provide funds adequate to pay all creditors.

provision. The House Report No. 95–595, dated September 11, 1977, at Page 368, U.S.Code Cong. & Admin.News 1978, p. 5787, explains this deletion as follows:

"Bankruptcy Act § 8 has been deleted as unnecessary. Once the estate is created, no interest in property of the estate remain in the debtor. Consequently, if the debtor dies during the case, only property exempted from property of the estate or acquired by the debtor after the commencement of the case and not included as property of the estate will be available to the representative of the debtor's probate estate. The bankruptcy proceeding will continue in rem with respect to property of the state, . . ."

If, as stated in the House Report, the case in the Bankruptcy Court will continue in rem upon the death of the Debtor, then it necessarily follows that a trustee or a new debtor–in–possession must be appointed. Bankruptcy Rule 118 is not inconsistent with the Code and thus continues to apply under Code cases. The case continues as a Chapter 11 case and is not automatically converted to a Chapter 7 case. The wife of Charles W. Smith has qualified as executrix of the estate of said deceased Debtor. But, such qualification does not automatically make her, as the representative of the estate, debtor–in–possession or trustee. The executrix has moved the Court for appointment of her son, Debtor's son, as Chapter 11 Trustee. It follows that pursuant to such motion the Court should and hereby does appoint JAMES SHELBY SMITH as Chapter 11 Trustee of the above Chapter 11 estate with full powers under 11 U.S.C. § 323, and he shall qualify by posting bond for the faithful performance of his duties in the amount of Five Thousand ($5,000.00) Dollars.