**In re George Thomas MARTIN, Debtor.**

**Bankruptcy No. 81–20414.**

United States Bankruptcy Court,
S.D. West Virginia.

Dec. 8, 1982.

Law firm of Davis & Nesius by John J. Nesius and K. Paul Davis, South Charleston, W. Va., for debtor.

Henry C. Bias, Jr., Charleston, W. Va., for Jonnie M. Martin, widow of the debtor.

Law firm of Bowles, McDavid, Graff & Love by Richard M. Francis, Charleston, W. Va., for Chemical Bank & Trust Company and the Creditors' Committee.

OPINION

EDWIN F. FLOWERS, Bankruptcy Judge.

The Creditors' Committee and Chemical Bank & Trust Company, one of its members, seek the appointment of a trustee for the chapter 11 estate of George Thomas Martin. Before a hearing was held on the application, the Debtor in Possession, Mr. Martin, died. The Debtor's widow asks to be named "successor" to her late husband or, alternatively, to be named as the chapter 11 trustee. No one has sought dismissal of the case.

The Bankruptcy Code in the portion relevant here provides:

(a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest, and after notice and a hearing, the court shall order the appointment of a trustee—

(1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or

(2) If such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

11 U.S.C. § 1104. The Code makes no provision for a "successor" to a Debtor in Possession unless the same may be construed as falling within the broad grant of authority contained in § 105(a) to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

■ Neither the facts of this case nor the law justifies creation of a new entity known

as "successor" to the debtor in possession. The alternatives available under the Code include appointment of a trustee, appointment of an examiner, and conversion or dismissal of the case. No reported opinion under the new Code has ventured beyond these options for disposition of a chapter 11 case.[1] The widow could have been a joint petitioner with her late husband on his chapter 11 petition.[2] Likely for reasons which were well considered, that was not done. Such would have presented us with an entirely different and easier question. The Court under these circumstances declines to create a new avenue of relief by substituting one spouse on the petition of another.

Examining the widow's alternative request for relief, naming her as trustee, we face a new obstacle. The Code requires that the trustee be a "disinterested person." 11 U.S.C. § 1104(c). "Disinterested person" means one who is not an "insider." *Id.,* § 101(13)(A). An "insider" includes a "relative" of the individual Debtor in Possession, George T. Martin. *Id.* § 101(25)(A)(i). Mrs. George T. Martin, as wife of the Debtor during his lifetime, could not have been appointed trustee. Her late husband's death changed the characterization of her relationship with the deceased from "wife" to "widow," but she is nevertheless still a "relative" within the commonly accepted meaning of the term. The widow cites *In the Matter of Smith,* 6 B.R. 641, 6 B.C.D. 1284 (Bkrtcy.N.D.Ga.1980), where Judge Norton agreed to the appointment of the decedent's son as trustee. That case stands alone in providing guidance in such matters and reaches an eminently sensible solution under the facts of that case. There, however, the appointment was not contested and is accordingly not discussed in the Opinion. Distinguishing the *Smith* case further is the fact that the decedent's widow, who was also executrix of his estate, did not seek appointment herself. Moreover, "(s)ubstantial progress towards rehabilitation" had been accomplished and pay-

ment of creditors in full was envisioned. Faced with competing applications for appointment, the likelihood of the widow holding an interest adverse to the estate and the disqualifying language of the statute, I am unable to find that Mrs. Martin should be spared its excluding impact.

Finally, we address the merits of the joint application of the Creditors' Committee and Chemical Bank for appointment of a trustee.

The petition was filed by the late George T. Martin on September 9, 1981. An uncommonly active and diligent Creditors' Committee functioned during the ensuing year by holding weekly meetings, keeping minutes of their proceedings and evaluating with the Debtor and his counsel various courses and options concerning the Debtor's complicated business interests. On August 31, 1982, after rejecting the choice of seeking conversion of the case to a chapter 7 liquidation, the Committee and Chemical Bank filed the application now before the Court for appointment of a trustee. Hearing on the application was set for the 4th day of November, 1982, but on October 15, 1982, Mr. Martin died.

Apart from the obvious incapacity occasioned by the death of the Debtor, the applicants presented evidence supporting their pre-death application. The evidence centered upon the failure of the Debtor to present a plan to dispose of burdensome assets, to protect and recover assets, or make any significant progress toward rehabilitation in the more than 13 months the case has been pending. While sufficient evidence was presented to establish "cause" for appointment of a trustee, it is not necessary to detail that evidence here. The grounds identified in § 1104(a)(1) are not limiting. 11 U.S.C. § 102(3). Death of an individual debtor in a non-joint chapter 11 case is sufficient cause for appointment of a trustee. Inasmuch as the case continues *in rem* with respect to the separate estate which was created by the bankruptcy fil-

---

1. *See In re Casco Bay Lines, Inc.,* 17 B.R. 946, 8 B.C.D. 903, 905–06 (Bkrtcy.App. 1st Cir.1982).

2. 11 U.S.C. § 302.

ing,[3] someone must be designated to bear the responsibilities of the Debtor in Possession and protect the interests of all parties in that estate. A trustee under chapter 11 of the Code is the proper party for such a responsibility. *In the Matter of Smith, Id.*

---

**3.** *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 368 (1977).