**In re William CHESTER, d/b/a Farmer, Debtor.**

**Bankruptcy No. 386–00008.**

United States Bankruptcy Court, D. South Dakota.

June 5, 1986.

John M. Fousek, Fousek, Lefholz & Mairose, Rapid City, S.D. for debtor.

Steven L. Zinter, Schmidt, Schroyer, Colwill, Zinter & Barnett, Pierre, S.D., for creditor, BankWest, N.A.

K.C. Engdahl, Schmid, Ford, Mooney & Frederick, P.C., Omaha, Neb., for J.I. Case Credit Corp.

Patrick T. Dougherty, Dougherty & Dougherty, Sioux Falls, S.D., for Deutz-Allis Credit Corp.

Brent A. Wilbur, May, Adam, Gerdes & Thompson, Pierre, S.D., for Pierre Farmers Elevator and Federal Land Bank.

Leonard E. Andera, Chamberlain, S.D., for Western Service.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

This case is before the Court on two motions: 1) A motion to dismiss the Chapter 11 case filed on behalf of BankWest, N.A., and joined by J.I. Case Credit Corporation and Deutz-Allis Credit Corporation; and 2) A motion for appointment of a trustee filed on behalf of the debtor. A hearing was held on April 21, 1986.

William Chester filed a Chapter 11 petition in bankruptcy on January 21, 1986. William Chester died on February 6, 1986. According to the debtor's brief in support of the answer to the motion to dismiss:

> At the time the Debtor filed his Chapter 11 Petition he knew full well that he was soon to die from cancer, and the bankruptcy was commenced for the specific purpose of avoiding foreclosure following his death. Some months earlier, and also with the knowledge that he had not long to live, William Chester made out a Will leaving intact his farm/ranch operation to his son, Howard Chester. However, Howard Chester is currently co-executor of the William Chester probate estate.

Debtor's brief, p. 1.

BankWest filed a motion to dismiss on February 28, 1986, alleging that because the debtor had died, there was good cause to dismiss the case. J.I. Case and Deutz-Allis joined in the motion.

On March 5, 1986, Howard Chester and Larry Chester, the sons of the decedent debtor, filed a Petition for Letters of Special Administration in state court, and they were appointed special administrators by the state court on the same day. Howard and Larry also petitioned the court for probate of Howard's will and published Notice to Creditors that all creditors who have claims against the estate must file their claims in the Circuit Court of Lyman County within sixty days of the first publication of the notice or their claims would be forever barred.

At the meeting of creditors held on March 20, 1986, Howard Chester, the decedent's son and co-administrator of the probate estate, was present to answer creditors' questions.

On April 11, 1986, the attorney for the debtor filed a motion for appointment of a trustee in the case and filed an answer to BankWest's motion to dismiss.

BankWest argues that the case should be dismissed for several reasons: 1) that the debtor, who is now dead, filed bankruptcy with the intent to administer his probate estate thereunder; 2) that the simultaneous probate and bankruptcy administrations will create problems; 3) that certain creditors' claims were not or have not yet been disclosed; 4) that the debtor operation cannot obtain financing; and 5) that no progress toward reorganization was made prior to the debtor's death.

The attorney for the debtor argues that the probate estate and the bankruptcy estate are separate and that administration will not be a problem. He also argues that the debtor's reasons for filing and the extent of the progress toward reorganization prior to the debtor's death are irrelevant.

Finally, he argues that claims involving recent expenses can easily be determined and that the bankruptcy estate will be able to obtain financing under direction of a competent trustee.

Section 8 of the Bankruptcy Act (11 U.S.C. § 26) of 1898 dealt with the death or insanity of the debtor, but this section was deleted when the Bankruptcy Code was adopted in 1978 as unnecessary. *In re Keefe*, 7 B.R. 270, 271 (Bkrtcy. E.D.Va. 1980). The House Report No. 95–595 dated September 11, 1977, at page 368, 1978 U.S. Code Cong. & Ad. News 5787, 6324, explains this deletion as follows:

> Bankruptcy Act § 8 has been deleted as unnecessary. Once the estate is created, no interest in property of the estate remains in the debtor. Consequently, if the debtor dies during the case, only property exempted from property of the estate or acquired by the debtor after the commencement of the case and not included as property of the estate will be available to the representative of the debtor's probate estate. The bankruptcy proceeding will continue in rem with respect to property of the estate....

Bankruptcy Rule 1016, however, does specifically address the problem of the death or insanity of a debtor:

> Death or insanity of the debtor shall not abate a liquidation case under chapter 7 of the Code. In such event the estate shall be administered and the case concluded in the same manner, so far as possible, as though the death or insanity had not occurred. If a reorganization or individual's debt adjustment case is pending under chapter 11 or chapter 13, the case may be dismissed; or if further administration is possible and in the best interest of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death or insanity had not occurred.

Although dismissal of a case following the death of a debtor is not automatic nor mandatory, the Advisory Committee Note following the rule indicates that in a Chapter 11 or Chapter 13 case, the likelihood is that the case will be dismissed.

In the case at bar, several factors lead the Court to the conclusion that the Chapter 11 case should be dismissed. First, the petition was clearly filed in contemplation of the debtor's death. The attorney for the debtor admits in his brief that the debtor knew he was dying and filed his bankruptcy petition to avoid foreclosure following his death. This, in itself, is not an abuse of the system, but it is interesting to note that the debtor made a testamentary disposition of his property, including the farming operation which is the subject of this Chapter 11 case, in the Summer of 1985 but waited until January, 1986, a few weeks before his death, to take advantage of the protections of the bankruptcy system. This seems to militate against a finding of a legitimate intent to reorganize by the debtor. Instead, it warrants the Court's finding that the filing of the bankruptcy petition was, in effect, an effort to avoid the natural consequences of the probate of the debtor's estate in state court following his death.

Second, no progress toward reorganization had been made at the time of the debtor's death. In fact, the 11 U.S.C. § 341 meeting of creditors did not take place until after the debtor's death. There can be little benefit to creditors in continuing the reorganization effort when the process was not even in motion before the debtor died and the debtor's son, a coadministrator of the probate estate then operating the business, was the only person available to answer even the creditors' initial inquiries concerning the case. The Court might have taken a different view had the debtor filed his petition at the same time as his will in a bona fide attempt to reorganize before his death.

Third, testimony at the hearing on the motion to dismiss and the motion to appoint a trustee indicated that there was some question about the management skills of the son, Howard, who was attempting to be named trustee and that there was internal family conflict between Howard and his brother, Max, which would necessarily com-

plicate any reorganization effort. The debtor's attorney cites *In re Smith,* 6 B.R. 641 (Bkrtcy.N.D.Ga.1980), in opposition to the motion to dismiss, but that case is distinguishable from the one at bar. *In re Smith* concerned a case where the debtor died 8½ months after his Chapter 11 bankruptcy petition was filed. The difference is that substantial progress toward rehabilitation had been accomplished.

It is the opinion of this Court that it is in the best interests of all of the parties in the instant case to dismiss the Chapter 11 reorganization and it shall be so ordered.

Accordingly, based on the foregoing, this Memorandum Decision constitutes the Court's Findings of Fact and Conclusions of Law pursuant to Bankr. R.P. 7052 and 9014 and F.R.Civ.P. 52. Counsel for Bank-West is directed to submit an appropriate order in accordance with Bankr.R.P. 9021.