In re Robert B. GOLDBERG, Debtor,

John H. REDFIELD, not individually but as Trustee in Bankruptcy of Robert B. Goldberg, Plaintiff,

v.

James M. ANSBRO, Independent Executor for the estate of Robert B. Goldberg, Defendant.

Bankruptcy No. 88 B 02834.
Adv. No. 88 A 598.

United States Bankruptcy Court, N.D. Illinois, E.D.
April 4, 1989.

John H. Redfield, Interim Trustee, Chicago, Ill., for Bankruptcy Estate.

Patricia J. Whitten, Chicago, Ill., for Chicago Bd. of Ed.

Levit & Mason, Ltd., Chicago, Ill., for the trustee.

James M. Ansbro, Chicago, Ill., for Probate Estate.

## MEMORANDUM OPINION

RONALD S. BARLIANT, Bankruptcy Judge.

■ The Debtor in this case died after he filed his bankruptcy petition. The Chapter 7 Trustee seeks to recover from the executor of the Debtor's probate estate the proceeds of a pension fund and a life insurance policy. The executor contends that the pension fund is not property of the estate because of its anti-alienation provisions, and he contends that both the insurance and pension fund proceeds are exempt under section 522(b) and (d) of the Bankruptcy Code. The parties have submitted this proceeding on stipulated facts. The Court finds that (1) the pension fund proceeds are property of the estate to the extent that the Debtor would have been entitled to a refund of the proceeds upon his resignation, and (2) the insurance proceeds are not property of the estate.[1]

## STIPULATED FACTS

On February 24, 1988, the Debtor filed his voluntary Chapter 7 petition, together with schedules that disclose no legal or equitable interests in any pension funds or insurance policies. The Debtor also claimed no exemption for any pension fund

1. This Court is required to examine *sua sponte* potential grounds for recusal. 28 U.S.C. § 455. My wife, Lois Barliant, is a public school teacher in Chicago, Illinois and is a member of the Public School Teachers' Pension and Annuity Fund. Her membership in the pension fund arguably requires my recusal due to a "financial interest" in the case, 28 U.S.C. § 455(b)(4), some "other interest" in the case, 28 U.S.C. § 455(b)(4), or a situation where my "impartiality might reasonably be questioned", 28 U.S.C. § 455(a).

Relying on Judge Grady's decision in *In re Perkins*, 1988 WL 120651 (N.D.Ill.1988), I find that my recusal is not required. There, Bankruptcy Judge Schmetterer had been confronted by an almost identical situation. A creditor moved for an order requiring the debtor to turnover his interest in the Illinois Teachers' Retirement System. Judge Schmetterer's wife is a public school teacher and a member of the same pension fund. Judge Schmetterer refused to recuse himself and Judge Grady affirmed his decision on the grounds that 1) "neither the value nor the terms of Mrs. Schmetterer's interest in [the pension fund] were at issue in the creditor's turnover motion" and therefore the Judge had no "financial interest", 2) any "other interest" which the Judge may have had in the turnover motion was too remote to require recusal because he would only be affected if his wife filed a Chapter 7 petition and was subject to a similar turnover motion, and 3) a fully informed individual would harbor no significant doubts as to the Judge's impartiality. *Perkins*, 1988 WL 120651, 6–7. The same conclusions are appropriate here.

or insurance policy. The bankruptcy schedules have not been amended.

The Debtor suffered a fatal heart attack sixty-three days after the petition was filed. The Trustee has continued to administer the case as required by Bankruptcy Rule 1016. At the time of his death, the Debtor had no spouse or dependents and had no support obligations. The state court appointed Mr. James M. Ansbro independent executor of the Debtor's probate estate.

For eighteen years prior to his death, the Debtor was a speech therapist employed by the Chicago Board of Education. As a benefit of his employment, the Debtor was a member of the Public School Teachers' Pension and Retirement Fund of Chicago pursuant to Ill.Rev.Stat. ch. 108½, Article 17.

The Debtor designated the "Estate of Robert B. Goldberg" as the death beneficiary of his interest in the pension fund. Pursuant to that designation, Mr. Ansbro, as executor of the Debtor's probate estate, received $31,472.35 from the administrator of the Debtor's pension fund. Twelve and one-half percent of that pension fund payment consisted of deductions from the Debtor's wages, and 87.5% of contributions from the Debtor's employer.

In addition, Mr. Ansbro received $2,585.40 from the issuer of a life insurance policy maintained by the Debtor's employer and naming the Debtor's probate estate as beneficiary. That life insurance policy was in effect at the time the Debtor's Chapter 7 petition was filed. Mr. Ansbro has received no other assets as executor except interest on the pension and insurance proceeds.

Under the relevant Illinois statutes, members of the Public School Teachers' Pension and Retirement Fund may receive a refund of their contributions to the fund by resigning from their position with the Board of Education. Ill.Rev.Stat. ch. 108½ § 17–125 (1985). Moreover, a member's pension is exempt from attachment, garnishment and judgment. Ill.Rev.Stat. ch. 108½ § 17–151 (1985). The parties have agreed that those statutes are applicable in this adversary proceeding.

The parties have also agreed ·that the Court must decide whether the pension fund proceeds and the insurance payment are property of the estate and whether the executor must turnover the monies to the Trustee.

### PENSION FUND AS PROPERTY OF THE ESTATE

The Trustee seeks an order requiring the executor to turnover the $31,472.35 proceeds from the Debtor's pension fund. The Trustee contends that the proceeds are property of the estate pursuant to the broad language of section 541(a)(1). In addition, the Trustee contends that even though the pension fund proceeds may not have been property of the estate when the Debtor's petition was filed, they are now property of the estate under section 541(a)(5)(A), which includes property acquired by the Debtor as beneficiary of a death benefit plan within 180 days of the bankruptcy filing. The executor argues that the pension proceeds are not property of the estate pursuant to section 541(c)(2), which excepts spendthrift trusts from the estate. The executor also argues that the pension .proceeds are exempt pursuant to sections 522(d)(10)(E) and 522(b)(1) of the Bankruptcy Code and Ill.Rev.Stat. ch. 108½ § 17–151.

In general, a bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The 1978 revision of the bankruptcy laws reflect the congressional intent to sweep all property of the Debtor into the bankruptcy estate initially and then selectively exclude certain property. S.Rep. No. 989, 95th Cong.2d. Sess. 82 *reprinted in* 1978 U.S. Code Cong. & Ad. News, 5787, 5868. The broad scope of "property of the estate" is also evidenced by section 541(c)(1). That section includes property notwithstanding any restrictions on transferability.

■ Excluded from property of the estate, however, are spendthrift trusts. Section 541(c)(2) provides that "[a] restriction

on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable non-bankruptcy law is enforceable in a case under this title". 11 U.S.C. § 541(c)(2). It is well settled that subsection (c)(2) exempts from the estate traditional spendthrift trusts that are valid under applicable non-bankruptcy law. S.Rep. No. 989, 95th Cong., 2d Sess. 83 *reprinted in* 1978 U.S.Code Cong. & Ad. News 5787, 5869; *In re Perkins*, 1988 WL 120651 (N.D.Ill.1988); *In re DiPiazza*, 29 B.R. 916, 918 (Bankr.N.D.Ill.1983); *In re Dagnall*, 78 B.R. 531, 533 (Bankr.C.D.Ill. 1987).[2] The Court must therefore determine whether the Debtor's participation in the Public School Teachers' Pension and Retirement Fund qualifies as a valid spendthrift trust under Illinois law.

■ In Illinois, spendthrift trusts have long been recognized as an effective method of protecting beneficiaries from their own monetary imprudence.

> In general, a spendthrift trust is a trust created with the view of providing funds for the maintenance of another, and at the same time securing the beneficiary against his own improvidence or incapacity for self-protection. The beneficiary's interest is neither transferable nor leviable by the creditors.... [T]he debtor must show that she cannot alienate her interest in the trust res, and that she does not possess exclusive and effective control over termination or distribution.

*Dagnall*, 78 B.R. at 534; *See also, In re Sundeen*, 62 B.R. 619 (Bankr.C.D.Ill.1986); *Wagner v. Wagner*, 244 Ill. 101, 91 N.E. 66 (1910); *Geiger v. Geer*, 395 Ill. 367, 376, 69 N.E.2d 848 (1946).

Members of the Illinois' Public School Teachers' Pension and Retirement Fund may obtain a refund of their contributions to the fund upon termination of employment with the Board of Education. Ill.Rev.

Stat. ch. 108½ § 17–125 (1985). Numerous decisions have held that the ability to exercise such dominion and control over the pension fund res is sufficient to exclude the property from the traditional definition of a spendthrift trust. *Perkins*, 1988 WL 120651, 10 (because debtor could reach account upon termination of employment, account "does not pass outside the estate under section 541(c)(2)"); *Dagnall*, 78 B.R. at 534 (debtor's absolute right to a refund of her contributions to the Illinois State Employees' Retirement System upon termination of her employment excluded the pension fund from classic definition of a spendthrift trust); *Sundeen*, 62 B.R. at 620 (KEOGH plan which provided for payment of benefits upon retirement was not considered a spendthrift trust and proceeds included as property of the estate); *DiPiazza*, 29 B.R. at 922 (ERISA pension and profit-sharing plan was not true spendthrift trust where debtor could withdraw his contributions at any time even though early withdrawal would result in forfeiture of deferred retirement benefits). In the instant case, the Debtor could have reached his contributions to the pension fund at any time by resigning from his position with the Board of Education. Even though recovery of the Debtor's contributions would entail significant sacrifice on his part, such control over the trust res excludes the pension fund from the traditional definition of a spendthrift trust in Illinois.

The Trustee and the executor have agreed that Ill.Rev.Stat. ch. 108½ § 17–151 is applicable in the case at bar. That section provides;

> All pensions, annuities, refunds or death benefits granted under the provisions of this article are exempt from State and municipal taxes and are exempt from attachments or garnishment process. They shall not be seized or levied upon

---

**2.** *But see In re Threewitt*, 24 B.R. 927 (D.Kan. 1982). The court in *Threewitt* gave section 541(c)(2) a broad interpretation and held that the anti-alienation provisions of the debtor's undistributed pension plan excluded the debtor's interest in the pension from the estate. The court reasoned that the language of section 541(c)(2) does not limit its application to spend-

thrift trusts. This Court, however, will follow the recent decisions from the Northern and Central Districts of Illinois (including the district court opinion in *Perkins*) and limit the application of section 541(c)(2) to valid spendthrift trusts, which is consistent with the legislative history.

by virtue of any judgment or any process or proceedings issued out of or by any court for the payment or satisfaction in whole or in part of any debt, claim, damage, demand or judgment. . . .

Although this section further restricts creditors' access to the pension proceeds, it does not alter a member's access to the funds upon resignation from the Board of Education. Consequently, section 17–151 of the Public School Teachers' Pension and Retirement Act does not cause the Debtor's pension fund to fit within the definition of a spendthrift trust. *See In re Werner,* 31 B.R. 418, 420 (Bankr.D.Minn.1983) (debtor's interest in state sponsored teachers' retirement fund was not a spendthrift trust despite statutory exemption from garnishment or attachment).[3] Since section 541(c)(2) applies only to traditional spendthrift trusts, the Court finds that the Debtor's interest in the Public School Teachers' Pension and Retirement Fund of Chicago is property of the bankruptcy estate pursuant to section 541(a)(1).[4]

The executor then contends that the pension proceeds are exempt under section 522(d)(10)(E) of the Code or under Ill.Rev. Stat. ch. 110 § 12–1001(g)(5). Both sections exempt pension plans from property of the estate, "to the extent reasonably necessary for the support of the debtor and any dependent of the debtor". 11 U.S.C. § 522(d)(10)(E); Ill.Rev.Stat. ch. 110 § 12–1001(g)(5). The executor's argument may be summarily dismissed because the Debtor here is deceased and has left no dependents. Therefore, under any possible construction of the exemption statutes, no portion of the Debtor's interest in the pension proceeds is exempt.

Finally, the Court must determine what effect the Debtor's death has had on the pension proceeds' status as property of the estate. The Trustee contends that the Debtor's death within 180 days of the bankruptcy filing sweeps the pension fund proceeds into the estate pursuant to section 541(a)(5)(C) of the Code. Moreover, the Trustee argues that under Bankruptcy Rule 1016 the Debtor's death does not abate the liquidation of the estate. The executor, on the other hand, argues that the Debtor's interest in the pension fund proceeds was not vested when the petition was filed and therefore was not property of the estate as of the commencement of the case. He claims that the Debtor's death vested the pension fund proceeds in the Debtor's probate estate, not the Debtor or the bankruptcy estate, and therefore section 541(a)(5) is inapplicable.

In light of the pension fund's failure to qualify as a spendthrift trust, neither the Trustee's nor the executor's arguments are fully applicable. The Debtor's interest in the pension fund was not inchoate, as the executor contends, since the Debtor was entitled to at least a portion of the funds upon his resignation. Accordingly, section 541(a)(5) is not applicable because the Debtor did not "acquire[ ] or become [ ] entitled to acquire" the property within 180 days after the petition was filed. 11 U.S.C. § 541(a)(5). In fact, the Debtor was entitled to those funds before and after the petition was filed. Those pension funds therefore became property of the estate on

---

**3.** The decisions recognize the anomaly that would result if debtors were permitted to place property in a trust for their own benefit while restricting creditors' access to the property. *See In re Perkins,* 1988 WL 120651 (N.D.Ill.1988); *Werner,* 31 B.R. at 421.

**4.** It is not clear whether a member of the Public School Teachers' Pension and Retirement Fund is entitled upon resignation to a refund of only the employee's contributions to the fund or whether the member may obtain a refund of both employee and employer contributions upon resignation. The distinction is significant in determining what portion of the pension proceeds is property of the estate. If only employee contributions are refunded, the trustee may only recover 12.5% of the funds now in possession of the executor. Alienation of the employer contributions would then be absolutely restricted. That portion would fit within the definition of a spendthrift trust and would be excluded from property of the estate pursuant to section 541(c)(2) of the Code. On the other hand, if a member is entitled to refund of both the employer and the employee contributions, neither portion would be excluded from the bankruptcy estate and the Trustee would be entitled to turnover of all the pension proceeds. The parties will be required to clarify this point of Illinois law and report their conclusions to the Court.

the day the petition was filed. This conclusion is in accordance with the decisions holding that a debtor's interest in a pension fund that does not fit within the traditional definition of a spendthrift trust is property of the estate. *DiPiazza,* 29 B.R. at 918; *Dagnall,* 78 B.R. at 533; *Perkins,* 1988 WL 120651.

The pension fund proceeds to which the Debtor would have been entitled upon his resignation were property of the estate when the Debtor's petition was filed, and under Bankruptcy Rule 1016 the Debtor's post-petition death does not affect the status of estate property. Bankruptcy Rule 1016 provides that a debtor's death "shall not abate a liquidation case under Chapter 7 of the Code." The bankruptcy estate "shall be administered and the case concluded in the same manner, so far as possible, as though the death or insanity had not occurred." Here, the Debtor's death merely caused the transfer of the funds from the administrator of the pension plan to the decedent's executor. His death did not change the Debtor's entitlement to the funds. It is as if the Debtor resigned from his position with the Board of Education after filing the petition and received his pension contributions. In either event, the pension funds are property of the bankruptcy estate.

The legislative history of section 541 of the Bankruptcy Code also supports this conclusion.

> Once the estate is created, no interests in property of the estate remain in the debtor. Consequently, if the debtor dies during the case, only property exempted from property of the estate or acquired by the debtor after the commencement of the case and not included as property of the estate will be available to the representative of the debtor's probate estate. The bankruptcy proceeding will continue in rem with respect to the property of the estate [sic], and the discharge will apply in personam to relieve the debtor, and his probate representative, of liability for dischargeable debts.

S.Rep. No. 95–989, 95th Cong., 2d Sess. 83; *reprinted in* 1978 U.S.Code Cong. & Ad. News 5787, 5869. The pension fund proceeds were neither exempted from property of the estate nor were they acquired by the Debtor after the commencement of the case and not included as property of the estate. The bankruptcy case will therefore proceed in rem with respect to the property of the estate, which includes the portion of the pension fund proceeds that the Debtor would have received had he resigned.

### INSURANCE PAYMENTS AS PROPERTY OF THE ESTATE

The Trustee also seeks an order requiring the executor to turnover the payment under the insurance policy on the Debtor's life maintained by his former employer. The Trustee claims that the life insurance payment, currently in the executor's possession, is property of the estate pursuant to section 541(c)(5). The executor claims that the insurance payment is exempt pursuant to section 522(b)(2) of the Code and Ill.Rev.Stat. ch. 110 § 12–1001(f).

 Property of the estate consists of "all legal or equitable interests of the debtor in property *as of the commencement of the case*". 11 U.S.C. § 541(a)(1) (emphasis added). Moreover, property of the estate initially includes property that is entitled to exemption. *In re Cyrak,* 80 B.R. 75 (N.D. Tex.1987); *Matter of Hendricks,* 11 B.R. 48, 50 (Bankr.W.D.Mo.1981). When the Debtor's petition was filed, his interest, if any, in the unmatured life insurance contract became property of the estate. That is true even though section 522(d)(7) exempts "any unmatured life insurance contract owned by the debtor". 11 U.S.C. § 522(d)(7). The property interest that the Trustee seeks to recover from the executor, however, is not the interest in the unmatured life insurance contract. Rather, the Trustee's complaint seeks turnover of the payment under the insurance contract. Consequently, section 522(d)(7) is inapplicable to the situation here and the insurance payment is not exempt under that section.

The estate included only the Debtor's interest in the unmatured life insurance contract when the petition was filed. It did not include the payment under that contract because the Debtor had no legal or

equitable interest in the payment at that time. When the Debtor died, however, the beneficiary of the insurance policy became entitled to the payment under the policy. Ordinarily, if a debtor were the beneficiary and the debtor became entitled to the insurance payment within 180 days after the bankruptcy petition was filed, the insurance payment would be included as property of the estate pursuant to section 541(a)(5)(C). Here, the life insurance policy matured and the beneficiary became entitled to the insurance payment when the Debtor died. Therefore, the Debtor never became entitled to the insurance payment. Rather than vesting in the Debtor, the $2,585.40 insurance payment vested in the Debtor's probate estate upon the Debtor's death.[5]

The Court finds that the payment on the matured life insurance contract is property of the probate estate and never became property of the bankruptcy estate. Section 541(a)(5) provides that property of the estate includes;

> Any interest in property that would have been property of the estate if such interest had been an interest *of the debtor* on the date of the filing of the petition, and *the debtor* acquires or becomes entitled to acquire within 180 days after such date—
>
> ....
>
> (C) as a beneficiary of a life insurance policy ...

(emphasis added). The Debtor never acquired the life insurance payment, nor did he become entitled to acquire the payment at any time. The decedent's probate estate, rather than the Debtor, was entitled to acquire the insurance payment and did acquire the payment upon the Debtor's death. Since the Debtor and the probate estate are separate entities, the insurance payment never became property of the estate in this bankruptcy case. Accordingly, the Trustee is not entitled to turnover of the insurance payment.

**5.** *Cf. Gould v. New York Life Insurance Co.,* 132 F. 927 (E.D.Ark.1904). Under former Bankruptcy Act section 70(a), proceeds from an insurance policy on the debtor's life for which the debtor's executors, administrators or assigns were the beneficiaries, were held not to be property of the estate. Rather, the administratrix of the debtor's probate estate was entitled to the policy proceeds where the insurance policy had no cash surrender value at the time of the debtor's bankruptcy and the debtor died shortly thereafter.

## CONCLUSION

The executor will be ordered to turnover to the Trustee, only the portion of the pension fund proceeds that would have been refunded to the Debtor had he resigned from his position with the Chicago Board of Education. The Trustee and the executor will be ordered to report to the Court whether a member of the Illinois Public School Teachers' Pension and Retirement Fund of Chicago may receive a refund upon resignation of only the member's contributions to the fund or whether a resigned member is entitled to a refund of both the employer and employee contributions. If the parties cannot agree on the answer to that issue, the Court will decide it after appropriate supplemental proceedings. Moreover, the payment on the life insurance contract is not property of the bankruptcy estate and will remain in the possession and control of the executor.

An Order will be entered accordingly.