**In re Patricia H. GRIDLEY, Debtor.**

**Bankruptcy No. 91–40439–PKE.**

United States Bankruptcy Court,
D. South Dakota, S.D.

Sept. 17, 1991.

Daniel F. Kock, Sioux Falls, S.D., for John N. Gridley, Jr.

Clair R. Gerry, Stuart & Gerry, Sioux Falls, S.D., for decedent, Debtor Patricia H. Gridley.

Edward J. Leahy, Davenport, Evans, Hurwitz & Smith, Sioux Falls, S.D., for Valley Bank.

James A. Craig, Craig & Nichols, P.C., Sioux Falls, S.D., Chapter 7 Trustee.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

### ACTION

In this case, the Court must decide whether a Chapter 7 bankruptcy case should be dismissed when a debtor died two days after the petition was filed by her designated agent named in a valid power of attorney. For the reasons outlined below, the Court denies the motion to dismiss the bankruptcy proceeding. The instant matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B). This Court maintains jurisdiction under 28 U.S.C. § 1334.

### FACTUAL BACKGROUND

On June 14, 1991, Debtor Patricia Gridley signed a Power of Attorney in favor of her son, John Gridley III. A specific provision in the Power of Attorney authorized and instructed her son to prepare, sign, and file a petition for relief under Chapter 7 of the United States Bankruptcy Code. Two days after the Chapter 7 filing, the debtor died testate. The will made no provisions for her spouse of 49 years. Decedent's

spouse intends to make an elective share of the estate as permitted under state law.

Debtor's counsel filed the required schedules of assets and liabilities signed by John Gridley III on behalf of the decedent debtor. A motion was granted to extend the time to file the schedules since the debtor's property was hastily retrieved by the Trustee due to concern that property might disappear if not taken immediately. The extension enabled the Trustee to make a proper inventory and file Schedule B. In addition, Schedules A–1, A–3, and B–4 were subsequently amended to show three wage claimants with priority status. In addition to the three wage claimants with priority status, debtor has unsecured claims without priority totalling approximately $5,850.00 and one secured claim in the amount of $106,000.00 made by Valley Bank of Elk Point, South Dakota.

On July 12, 1991, decedent's spouse, John Gridley, Jr., filed a third-party application to dismiss the bankruptcy case. The request was made based on the fact that, after the debtor's death, debtor's counsel commenced proceedings to probate Patricia Gridley's estate. The spouse reasons that this bankruptcy proceeding will be confusing, duplicative, and inequitable in light of the probate administration. On August 8, 1991, secured creditor Valley Bank joined in the motion to dismiss.

Earlier, on June 12, 1991, Valley Bank filed a state court action against the debtor to set aside a transfer of 2,566 shares of stock in the PANA Corporation which the debtor made to her four children. This transfer occurred more than one year, but less than two years, prior to filing bankruptcy. Valley Bank alleges this stock transfer was fraudulent and that the debtor filed the Chapter 7 liquidation action in response to the pending state court suit.

In support of its joinder to dismiss, Valley Bank claims there are fundamental jurisdictional problems which prevent this Court from retaining the bankruptcy case. First, it is argued that the debtor did not sign any of the schedules herself and the Power of Attorney, which was valid at the time the initial petition was filed, ceased to exist when the debtor died, which rendered John Gridley III's signature on the subsequent documents invalid. This, along with the fact that the debtor did not personally attend the Section 341 meeting of creditors, is asserted to be a failure to meet the threshold requirements of 11 U.S.C. § 521, and, therefore, the case is not properly before this Court. Further, this creditor asserts that since the purpose of a Chapter 7 bankruptcy proceeding is to provide the debtor with a fresh start, there is no practical use for continuing this matter since the debtor is now deceased. Last, Valley Bank contends that Bankruptcy Rule 1016 does not apply to this case since the debtor can never participate in these proceedings and because it would make more sense to let the matter be handled by the probate court.

On August 27, 1991, a hearing was scheduled regarding the motion to dismiss and the Court took the matter under advisement.

## ISSUES

Based upon the decedent's spouse's position and the arguments made by the secured creditor in support of the motion to dismiss, several issues must be resolved by this Court.

I. Whether a debtor's Chapter 7 bankruptcy petition can be filed by an agent created through a power of attorney by the debtor.

II. Whether the language of Bankruptcy Rule 1016 is ambiguous relative to determining a dismissal or continuation of a Chapter 7 case in the subsequent death of the debtor and whether the rule sets forth the same test for Chapter 11 and 13 cases.

III. Whether commencement of a probate proceeding after a Chapter 7 petition is filed violates the automatic stay provision of 11 U.S.C. § 362.

IV. Whether the facts of this case indicate that dismissal of the Chapter 7 bankruptcy proceeding would be in the best interest of all parties as provided for in 11 U.S.C. § 305.

## DISCUSSION

█ I. Bankruptcy Rule 9010 allows an attorney at law, an agent, or an attorney in fact to act on behalf of the debtor. The language of this rule states, "A debtor, ... may (1) appear in a case under the Code and act either in ... [her] own behalf or by an attorney ... and (2) [a debtor may] perform any act not constituting the practice of law, by an authorized agent, attorney in fact, or proxy." The power of attorney created by Patricia Gridley on June 14, 1991, provided authority for her son, John Gridley III, to act on her behalf and complete and file the Chapter 7 petition for relief. This was a proper filing. An improper Chapter 7 filing would have been found, for example, if the representative of Mrs. Gridley's estate had filed for relief. Since a probate estate is not a "person" eligible for Chapter 7 relief, the bankruptcy court in that instance would not have proper power or jurisdiction. *In re Estate of Brown,* 16 B.R. 128 (Bankr.D.C.1981). *See also In re Walters,* 113 B.R. 602, 605 (Bankr.D.S.D.1990). This case is different. The relief in this case is sought by an agent acting at the direction and with the specific authority of the debtor. The argument that no authority exists to allow a debtor's petition in a Chapter 7 bankruptcy case to be filed under a power of attorney is not persuasive in view of Bankruptcy Rule 9010. In this case, a proper filing was made, and, under Section 301 of the Code, a voluntary case begins with the filing of the petition and constitutes an order for relief. 11 U.S.C. § 301. The Court concludes this debtor, by virtue of a proper Chapter 7 filing, is entitled to an order for relief. As such, there has been no violation of any of debtor's duties as found in Section 521 of the Code.

█ As counsel for debtor stated at the August 27, 1991, hearing on the motion to dismiss, no appropriate objection was made to the fact that subsequent schedules were signed by John Gridley III after this agency relationship was terminated by the death of the debtor on June 19, 1991. Should such an objection be made, however, the Court would be able to appoint an agent to act on behalf of the decedent debtor. Authority for this appointment can be found in Section 105 of the Code which states that the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

Therefore, a debtor's voluntary Chapter 7 bankruptcy petition can be filed by an agent created through a power of attorney by the debtor-principal and this proper filing constitutes an order for relief, notwithstanding the fact that subsequent schedules and documentation were submitted by an agent after the agency relationship terminated by operation of law.

II. Rule 1016 of the Bankruptcy Rules of Procedure states:

"Death ... of the debtor *shall not* abate a liquidation case under chapter 7 of the Code. In such event the estate shall be administered and the case concluded in the same manner, so far as possible, as though the death ... had not occurred."

Bankruptcy Rule 1016 (emphasis added). Bankruptcy Rule 1016's predecessor is found in section 8 of the Bankruptcy Act of 1898 (11 U.S.C. § 26) and was applied in the case of *Shute v. Patterson,* C.C.A.Iowa 1906, 147 F. 509. In *Shute,* the court stated this mandate "plainly indicate[s] that proceedings in bankruptcy are deemed to be commenced when the petition is filed, and that they do not abate with the death of the bankrupt." *Id.* at 511. *See also In re Morgan,* 15 F.Supp. 52 (D.C.N.Y.1936). The *Shute* court's decision to continue the bankruptcy proceeding was affirmed by the district court who stated that continuance after the debtor's death "is not left to the discretion of the court." *Id.*

Rule 1016 was also applied by the court in *In re Goldberg,* 98 B.R. 353 (Bankr. N.D.Ill.1989). In *Goldberg,* the debtor made a voluntary Chapter 7 filing and died approximately three months later. *Id.* at 355. The court had to determine what effect the death had upon pension fund proceeds as property of the estate. *Id.* at 357. In its decision, the court discussed Rule 1016 and stated that under the rule, "the Debtor's post-petition death does not

affect the status of estate property." *Id.* at 358. The court in this case continued the bankruptcy proceedings.

Like *Goldberg,* the court in *In re Peterson,* 897 F.2d 935 (8th Cir.1990), was faced with a Chapter 7 debtor who died after the petition was filed. The court also agreed that the bankruptcy estate is created at the time of filing and that Rule 1016 clearly indicates that the "death of the debtor should not influence the administration or resolution of a bankruptcy proceeding." *Id.* at 938.

The legislative history to Section 541 of the Bankruptcy Code gives insight into the effect that a debtor's death has upon the property of the bankruptcy estate and upon the bankruptcy proceeding:

> Consequently, if the debtor dies during the case, only property exempted from property of the [bankruptcy] estate or acquired by the debtor after the commencement of the case and not included as property of the [bankruptcy] estate will be available to the representative of the debtor's probate estate. The bankruptcy proceeding will continue *in rem* with respect to any property of the [bankruptcy] estate, and the discharge will apply *in personam* to relieve the debtor, and thus his probate representative, of liability from discharge debts.

*In re Tikijian,* 76 B.R. 304, 305–06 n. 2 (Bankr.S.D.N.Y.1987) (citing S.Rep. No. 989, 95th Cong.2d Sess. 83 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5869). In *Tikijian,* the court also concluded that the language of Rule 1016 mandated that the Chapter 7 bankruptcy proceeding be continued as far as possible, even though the debtor died. The proper filing of a bankruptcy petition constitutes commencement of the bankruptcy proceedings. 11 U.S.C. § 302(a). And "if the jurisdiction of the bankruptcy court in a given case has once rightfully attached, it cannot be defeated by the subsequent death of the bankrupt." *In re Burka,* D.C.Tenn. 1901, 107 F. 674.

It is the opinion of this Court that the language of Bankruptcy Rule 1016 is unambiguous with respect to the effect that a Chapter 7 debtor's death has on the proceedings. The language and case law support the idea that a debtor's death will not abate the proceedings. The commencement of a Chapter 7 case creates a bankruptcy estate as of the time of the filing, and the death of the debtor does not abate the proceedings used to complete the liquidation process.

The question remains whether the language of Bankruptcy Rule 1016, which mandates that a debtor's death *shall not* abate Chapter 7 liquidation proceedings, also mandates the continuation of cases filed under other bankruptcy chapters. The answer is found in the plain meaning of the remaining text of Bankruptcy Rule 1016:

> If a reorganization or individual's debt adjustment case is pending under chapter 11 or chapter 13, the case *may* be dismissed; or if further administration is possible and in the best interest of the parties, the case *may proceed* and be concluded in the same manner, so far as possible, as though the death ... had not occurred.

Bankruptcy Rule 1016 (emphasis added). It is clear that the rule does not mandate that a Chapter 11 or 13 case be continued in the event of a debtor's death. This is unlike the language for a Chapter 7 case. This Court has, on several occasions, determined that a Chapter 11 case may be dismissed after the debtor's death. For example, in *In re Chester,* 61 B.R. 261 (Bankr. D.S.D.1986), this Court dismissed the Chapter 11 case for various factual reasons: first, it was determined that the bankruptcy petition was merely an effort to avoid the natural consequences of the probate of the debtor's estate in state court; second, there had been no progress made toward reorganization at the time of the debtor's death; and, third, it was the opinion of this Court that dismissal would be in the best interests of all parties. *Id.* at 263–64.

In contrast to dismissal, this Court found it appropriate to continue Chapter 11 proceedings after the debtor's death in *In re Walters,* 113 B.R. 602 (Bankr.D.S.D.1990). Citing the *Goldberg* case and *In re Bond,* 36 B.R. 49, 51–52 (Bankr.E.D.N.C.1984),

this Court stated, "[p]roceeding with administration of a bankruptcy estate is proper under Bankruptcy Rule 1016 to avoid penalizing one for filing bankruptcy and in the interest of equity." *Walters,* 113 B.R. at 605.

Clearly, the court is given discretion in deciding whether or not to continue a bankruptcy case after a Chapter 11 or 13 debtor has died. Again, the language set forth in Rule 1016 calls for different treatment between these chapters and a Chapter 7 case. And since the matter for this Court is a Chapter 7 case, it will not use the rule's language set forth to be used in Chapter 11 and 13 cases.

In addition to the plain meaning of the text of Rule 1016, the Advisory Committee Notes to the rule provide an inference that Chapter 7 proceedings continue after a debtor's death. The inference is made by noting that Chapter 11 and 13 cases are distinct from Chapter 7 cases in that there is a strong chance they will not continue after a debtor's death for the simple reason that it may be more practical to dismiss these types of reorganization efforts. The Note to Rule 1016 states, "In a chapter 11 reorganization case or chapter 13 individual's debt adjustment case, the likelihood is that the case will be dismissed." This likelihood of dismissal is not found with Chapter 7 cases. Since a Chapter 7 liquidation case is not an effort to reorganize the debtor's affairs, the inference, then, is that a Chapter 7 case will continue, and there is no other reason why it would not continue, unlike Chapter 11 and 13 cases.

III. Although numerous bankruptcy cases involve issues concerning matters arising subsequent to or because of a debtor's death and have involved situations where both a probate and a bankruptcy proceeding have existed, no case law is found which directly discusses whether the commencement of probate proceedings after a bankruptcy petition is filed violates the automatic stay provisions of 11 U.S.C. § 362. *See infra* text discussing legislative history of 11 U.S.C. § 541 relative to bankruptcy *in rem* and probate *in person-*

*am* proceedings and result of bankruptcy proceeding.

■ The bankruptcy estate is fixed at the point in time when the petition is filed. When the debtor dies, the procedure for administering the decedent's probate estate is similar to a liquidation process, but the probate court has jurisdiction over this process. It is not affected by the bankruptcy process. Probate is concerned with exempt assets and any assets that have come into existence after the bankruptcy petition has been filed. The Court is in agreement with counsel for the debtor who argues that everything up to the time of bankruptcy filing is handled by the bankruptcy court and everything post-petition and after death is administered by the probate court. Based on this rationale, there is no violation of the automatic stay as a result of the opening of a probate estate.

It is interesting to note that one recent case has considered whether a petition and a motion made by a personal representative of a decedent's estate may implicate the automatic stay. In *In re Wicecarver,* 1991 WL 152872 (Bankr.D.Kan.), the personal representative caused a petition to be filed in June of 1988 to construe his father's will and a motion to determine the estate's right to offset a distributee's share in the estate. The actual filing, however, had been made in January, 1988, which was prior to the decedent debtor's discharge in April, 1988. The plaintiff, FDIC, contends that this action was a violation of the automatic stay. The district court agrees that the automatic stay is implicated and has recommitted the matter back to the bankruptcy court to determine what effect, if any, this filing would have. The bankruptcy court chose to abstain on a motion to dismiss or grant summary judgment and made a recommendation to dismiss. Nonetheless, this case is not an example of probate proceedings themselves violating the automatic stay, but, rather, some other procedural aspect of an open probate proceeding that may implicate violation of the stay.

■ IV. Finally, Section 305 of the Code is cited by supporters urging dismis-

sal of this case. Section 305 states that the court may dismiss a case if the interests of creditors and the debtor would be better served. Based on the facts of this case, Section 305 does not apply.

First, there are three wage claimants with priority status who would lose this status if the Chapter 7 case were dismissed and only a state court proceeding would exist. In Bankruptcy Court, these creditors would be paid 100 percent of their claims, but, in a state court proceeding, they would have to share pro rata any distribution made to creditors.

Second, post-bankruptcy-petition creditors with claims of last illness and funeral expenses would be paid 100 percent in a separate probate procedure. If this Chapter 7 case were dismissed, all creditors would be bumped together, and these post-petition creditors would not be paid in full.

Third, since joint assets are available for paying joint debts, it would not be in the best interests of the debtor to dismiss this case. The $106,000 secured claim made by Valley Bank represents the remaining portion of an unsatisfied judgment obtained against both the debtor and debtor's husband, John Gridley, Jr. It would be in the best interests of the debtor to continue the bankruptcy case and use joint assets, not just the assets of the debtor, to satisfy this claim. Similarly, it would also be in the debtor's best interest to continue bankruptcy administration of the case and allow the Trustee to pursue the debtor's conveyance of stock from the PANA Corporation to her children as a preferential transfer made to an insider so that this amount can be made part of the bankruptcy estate and used to pay off the claims against the estate.

For these reasons, 11 U.S.C. § 305 does not apply and this Court should not abstain or dismiss this case.

This memorandum constitutes findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure and Bankruptcy Rule 7052. The Court will enter an appropriate order.

ORDER CONTINUING CHAPTER 7 PROCEEDING AND DENYING MOTION TO DISMISS AND APPLICATION FOR RETURN OF PERSONAL PROPERTY

The above-entitled matter having come before this Court, the Honorable Peder K. Ecker, Bankruptcy Judge, presiding, on August 27, 1991, for hearing on Motion to Dismiss and Application for Return of Personal Property; and the Court having taken this matter under advisement and having entered its Memorandum Decision this date; it is hereby

ORDERED that the bankruptcy administration of this Chapter 7 case continue, that the debtor's death does not abate these proceedings, and that the Motion to Dismiss and Application for Return of Personal Property be denied as set forth by this Court's Memorandum Decision.