In re ESTATE OF Joseph L. BROWN by Philip Joseph Brown Executor and Sole Heir Under Last Will and Testament of Joseph L. Brown, Debtor.

Bankruptcy No. 81–00699.

United States Bankruptcy Court, District of Columbia.

Dec. 22, 1981.

Brian Seeber, Greenbaum & Gins, Washington, D. C., for debtor.

## MEMORANDUM OPINION

ROGER M. WHELAN, Bankruptcy Judge.

The petition filed herein by the debtor, Estate of Joseph L. Brown, and the order for relief automatically entered by operation of law pursuant to Section 301 of the Bankruptcy Code, is vacated on this date by the Court based upon the fact that the petition was filed by "a person" who was not eligible for relief under the Bankruptcy Code. 11 U.S.C. § 109(d) expressly states:

"Only a person that may be a debtor under Chapter 7 of this Title . . . may be a debtor under Chapter 11 of this Title." 11 U.S.C. § 101(30) defines "a person" to mean a ". . . individual, partnership, and corporation, . . ." A probate estate, to wit, the estate of Joseph L. Brown, is not an individual person within the meaning of Bankruptcy law and and such a probate estate, albeit an insolvent one, must be administered pursuant to the laws of the decedent's local jurisdiction. See In re Fackelman, 248 F. 565 (S.D.Cal.1918), In re Hiller Estate, 240 F.Supp. 504 (N.D.Cal.1965). The aforesaid cases make it clear that there is no power or jurisdiction in the Bankruptcy Code to administer probate estates, and, accordingly, resort must be had to the appropriate state court. Cf. Bankruptcy Rule 118.