**In the Matter of Olin Edgar JARRETT, Deceased, Debtor.**

**Bankruptcy No. B–80–01044.**

United States Bankruptcy Court, M. D. North Carolina.

April 13, 1982.

Hugh C. Bennett, Jr., High Point, N. C., for debtor.

## MEMORANDUM OPINION

RUFUS W. REYNOLDS, Bankruptcy Judge.

On April 6, 1982, this Court considered an application to convert to Chapter 7 filed by the Administrator of the deceased debtor's estate. The debtor, Olin Edgar Jarrett, filed under Chapter 13 on May 13, 1980. Before completing payments under his plan, the debtor died and an Administrator of his probate estate was appointed on February 19, 1982, by the Superior Court of Guilford County pursuant to the laws of North Carolina.

In support of the application to convert, the Administrator reported that there was no money in the deceased's probate estate with which to preserve its assets and provide for marshalling and an orderly liquidation of the probate estate. The Administrator argued that a Chapter 7 Trustee could collect the assets and properly distribute the proceeds of their sale among creditors of the deceased debtor.

This Court is of the opinion that the debtor's probate estate must be dismissed from Chapter 13 and may not convert to Chapter 7. The Bankruptcy Code specifies those entities which are qualified to be debtors under each Chapter. Only an "individual with regular income" may be a Chapter 13 debtor. "Individual with regular income" is defined in 11 U.S.C. 101(24) as an "individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under Chapter 13 . . . ." In that the debtor is deceased, it is evident that he does not meet the necessary prerequisites to be a Chapter 13 debtor. Also, the deceased's probate estate is unable to make plan payments, thereby warranting dismissal pursuant to 11 U.S.C. § 1307(c). Rule 101(6) of the Proposed New Bankruptcy Rules supports dismissal of a pending Chapter 13 case upon the death or insanity of the debtor.

Conversion to Chapter 7 by the debtor's probate estate is prohibited by the requirement of 11 U.S.C. § 109 that only a "person" may file under Chapter 7. 11 U.S.C. § 101(30) defines "a person" to mean ". . . individual, partnership, and corporation . . . ." As recognized in *In re Estate of Joseph Brown*, 16 B.R. 128 (Bkrtcy.D.C. 1981), a probate estate is not an individual person within the meaning of bankruptcy law and may not file for Chapter 7 relief. *See also In re Hiller Estate*, 240 F.Supp. 504 (N.D.Cal.1965). In addition, 11 U.S.C. § 1307(f) prohibits conversion from Chapter 13 to Chapter 7 unless the debtor is qualified to be a debtor under Chapter 7. The decedent's probate estate is not a "person" entitled to Chapter 7 relief, and, therefore, may not convert from Chapter 13 to Chapter 7.

The Court's decision in this case is further supported by its right to abstain from jurisdiction over this case and dismiss it pursuant to 11 U.S.C. § 305(a) of the Bankruptcy Code. The laws of the state of North Carolina provide comprehensive guidelines for the administration of probate estates. Whereas the policy of the Bankruptcy Code is to provide debtors with a "fresh start," this policy is not met by the Bankruptcy Court's administration of the estate of a deceased individual. Abstention in such a case is proper, and state law shall govern the collection and liquidation of assets.