**In the Matter of 299 JACK–HEMP AS-SOCIATES, a Partnership, Debtor.**

**Bankruptcy No. 82–B–10468.**

United States Bankruptcy Court,
S. D. New York.

May 24, 1982.

Otterbourg, Steindler, Houston & Rosen, P. C., New York City, for Long Island Sav. Bank; Scott Hazan and Charlotte Bikman, New York City, of counsel.

Guggenheimer & Untermyer, New York City, for debtor; Ephraim K. Leibowitz, New York City, of counsel.

OPINION

ROY BABITT, Bankruptcy Judge:

This is a motion made under Section 1112(b) of the 1978 Bankruptcy Code, 11 U.S.C. § 1112(b) (1976 Ed. Supp. IV), by the mortgagee of real property located in Nassau County for dismissal of the Chapter 11 petition filed here on March 12, 1981 by the debtor, said to be a partnership.

Apart from some of the nine enumerated bases for dismissal described in Section 1112(b), the movant asserts as cause the lack of good faith the petition needs to begin the unfolding of the Chapter 11 process. Support for this conclusion is found in the undisputed chronology by which the record owners of the property, barred from relief under this national statute relating to insolvencies, a day before the petition, transformed themselves into an eligible entity solely to unlock the bankruptcy door.

The court starts with the words Congress wrote on the subject of debtors eligible for relief under the 1978 Code, and, beyond those words, the policies which determine the reach of the statutory language.

Section 109(d) provides that, save for the two kinds of persons there described, only a person eligible for Chapter 7 relief (liquida-

tion) can seek Chapter 11 relief (reorganization).

Section 109(b) authorizes "persons" to be debtors under Chapter 7 if they are not involved in the kinds of businesses described in subsections (1), (2), and (3).

The word "person" is a word of art in the Code, for Congress provided a dictionary in Section 101 and it defines "person" as including individuals, partnerships and corporations. Section 101(30).

As of March 10, 1982, the day before the petition, title to the mortgaged property was in the co-executors of the estate of one Frank Wolk, deceased for about 10 years. While the word "includes" in the section defining "person" is not limiting under Section 102(3), Congress left no doubt that "person" was not to include an estate. Sen. Rep. 95–989, 95th Cong., 2d Sess. 25 (1978); House Rep. 95–595, 95th Cong., 1st Sess. 313 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. *Matter of Hiller*, 240 F.Supp. 504 (N.D.Cal.1965) and cases there cited; *In re the Estate of Brown*, 16 B.R. 128 (Bkrtcy.D.C.1981).

Faced, thus, with Congress' clear purpose to leave the administration of decedents' estates where they belong in specialized probate or surrogate courts able to interface the interests of heirs or legatees with other interests, the co-executors under the decedent's will formed a partnership on March 10, 1982. In doing so, the partnership became a "person" within Section 101(30) and thus facially eligible for relief under the Code, But, the fact is, the relief really sought by the filing of the petition is the automatic stay of Section 362(a)(5) by which the mortgagee cannot continue to enforce its rights against the mortgaged property despite having procured a judgment of foreclosure on January 12, 1982. Surely, the debtor will not seriously contend that this testator's wishes must override Congress' choice to exclude decedents' estates as eligible debtors.

Moreover, apart from the fact that Congress deliberately excluded decedents' estates from the reach of its bankruptcy statutes, the decedent's estate here has been before the appropriate Surrogate for about ten years. The property in Nassau County, part of the decedent's estate, has been the subject of judicial attention in the Supreme Court of the State of New York, County of Nassau, since mid-1980. That property is and has been the subject of applications to reduce assessed valuations for over ten years in the same court.

As all this judicial attention apparently has not satisfied the executors, they saw fit to transform themselves into a partnership solely to come into yet another court—this one. But save for the automatic stay, there is nothing that this court or its bankruptcy process can do.

It follows therefore that cause exists to dismiss this petition in that it lacks the good faith which should inhere in the invocation of every court's jurisdiction. Power must exist

"in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants".

*Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936).

This court therefore holds that where its process has been utilized by a specially created entity which only the day before was barred from access to this court, and where nothing can be achieved by recourse to that process, the attempt to do so can only be characterized as disingenuous in the last degree. More need not be shown to afford this court the cause to dismiss with prejudice.

And even if this inherent power were an insufficient basis for the cause contemplated by Section 1112(b), this court follows by what is now impressive judicial gloss that an indispensable ingredient of every petition filed in this court is that it be in good faith. *In re Metropolitan Realty Corp.*, 433 F.2d 676 (5th Cir. 1970); *In re Mallard Associates*, 463 F.Supp. 1259 (S.D.N.Y. 1979); *Matter of Nancant*, 7 BCD 410, 8 B.R. 1005 (Bkrtcy.Mass.1981); *Polkin, Inc. v. Lotus Investments, Inc.*, 16 B.R. 592, Bankr.L.Rep. (CCH) Par. 68, 576 (Bkrtcy.S.

D.Fla.1981); *In re G–2 Realty Trust*, 6 BCD 1072, 6 B.R. 549 (Bkrtcy.Mass.1980); *In re Dutch Flat Investment Co.*, 3 C.B.C.2d 136, 6 BCD 1134, 6 B.R. 470 (Bkrtcy.N.D.Cal. 1980). Compare *Matter of Northwest Recreational Activities, Inc.*, 4 B.R. 36, 6 BCD 164 (Bkrtcy.N.D.Ga.1980). This court finds that given the facts recounted, this Chapter 11 petition lacks good faith, and therefore that cause exists to secure its dismissal.

The motion to dismiss is granted. That dismissal is with prejudice so far as the bankruptcy courts are concerned. But this dismissal should not imply that this debtor or the co-executors before they chose transformation to a partnership are barred from whatever relief another process might afford them. Submit an order.