**In re Patricia Johnson BOND, Debtor.**

**Bankruptcy No. 81–01472–5.**

United States Bankruptcy Court,
E.D. North Carolina.

Jan. 6, 1984.

Donald A. Davis, Raleigh, N.C., for debtor.

Trawick H. Stubbs, Jr., New Bern, N.C., for the trustee.

## ORDER ALLOWING DISCHARGE UNDER 11 U.S.C. SECTION 1328(b)

A. THOMAS SMALL, Bankruptcy Judge.

This matter is before the Court upon a motion for a "hardship discharge" under 11 U.S.C. § 1328(b) filed on behalf of a deceased chapter 13 debtor. A hearing was held in Raleigh, North Carolina on December 12, 1983.

There are no disputed facts.

The Debtor, Patricia Johnson Bond, filed her chapter 13 petition on June 5, 1981. The Debtor's schedules reflect the following assets: joint ownership with her ex-husband of a house valued at $55,000.00 subject to liens of $45,000.00; a 1979 Cougar automobile valued at $4,000.00 subject to a $4,700.00 lien; household goods valued at $600.00 subject to liens of $350.00; personal effects valued at $150.00; jewelry valued at $50.00; and cash of $1,700.00.

At the time of the Debtor's petition, all of the Debtor's property, including her interest in the equity in her jointly owned home, qualified for exemption under 11 U.S.C. 522(d). The Debtor's schedules reflect unsecured debt totaling $18,000.00.

The Debtor was an administrative assistant earning net monthly wages of $718.00. She also received $100.00 monthly for child support payments from her ex-husband.

Ms. Bond, who had custody of her two minor children ages 6 and 2, submitted a budget reflecting realistic monthly expenses of $568.00. The Debtor proposed a Plan under which she was to pay all of her disposable monthly income of $250.00 for a period of 42 months. The Plan also proposed to pay the house mortgage payments "outside" of the Plan. Payments were to be distributed first to costs of administration and to secured creditors, i.e., the holder of the lien on the automobile ($4,275.00) and holders of certain liens on household items ($350.00).

When the Plan was presented for confirmation, it appeared that the unsecured creditors would receive a dividend of approximately 48%. Because all of the Debtor's assets could have been exempt, the unsecured creditors would have received no payments in a chapter 7 liquidation.

The Plan was confirmed on August 4, 1981. Timely filed unsecured claims totaled only $4,700.00 and the Plan as proposed would have paid all allowed unsecured claims in full.

The Debtor made all her monthly payments until her death on August 14, 1983. Her payments totaled $5,500.00 and were disbursed as follows:

| | |
|---|---|
| Trustee expense | $169.89 |
| Trustee compensation | 182.43 |
| Debtor's attorney | 450.00 |
| Secured creditors | 4,624.16 |
| Unsecured creditors | 51.74 |
| Balance in trustee account | 21.78 |
| Total | $5,500.00 |

The payments made into the Plan were enough to pay in full all secured claims dealt with by the Plan. Unsecured credi-

tors, however, had just begun receiving payments under the Plan when Ms. Bond died of cancer. In fact, two unsecured creditors received no payment because their *pro rata* share was less than $5.00 and payments under that amount are not disbursed according to this Court's Local Rules.

The Debtor's ex-husband died sometime after confirmation of the Plan and the motion filed by counsel for the Debtor seeking to obtain a "hardship discharge" is intended to benefit the Debtor's two dependent minor children.

When a chapter 13 debtor dies before completion of a confirmed plan, one option available to the Court under Bankruptcy Rule 1016 is to dismiss the case. If this case is dismissed, the Debtor's assets will be administered under the North Carolina probate laws. In that event, the assets, which under North Carolina probate law are not entitled to exemption, would be consumed by Ms. Bond's creditors including those creditors whose untimely claims would have been barred in her chapter 13 case. If this case is dismissed, the Debtor's minor children will receive nothing.

Bankruptcy Rule 1016 also provides an alternative to dismissal. Bankruptcy Rule 1016 says that

"if further administration is possible and in the best interest of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death or insanity had not occurred."

If the Debtor's death had not occurred, the case could have proceeded and been concluded in one of two ways: 1) the Debtor could have made the required Plan payments; or, 2) the Debtor could have applied for a "hardship discharge" under 11 U.S.C. § 1328(b).

Counsel for the Debtor has elected to proceed and to conclude the case by requesting the "hardship discharge" just as Ms. Bond could have done if she were still alive.

11 U.S.C. § 1328(b) provides:

(b) At any time after the confirmation of the plan and after notice and a hearing, the court may grant a discharge to a debtor that has not completed payments under the plan only if—

(1) the debtor's failure to complete such payments is due to circumstances for which the debtor should not justify be held accountable;

(2) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 of this title on such date; and

(3) modification of the plan under section 1329 of this title is not practicable.

The Debtor in this case meets all of the requirements of 11 U.S.C. § 1328(b). Specifically: 1) the Debtor made payments up until the time of her death and her failure to complete the Plan is certainly due to circumstances beyond her control; 2) the value of the funds distributed to each allowed unsecured claim in this case is not less than the amount that would have been paid in a chapter 7 liquidation—some unsecured creditors received nothing from the Plan but this is the same as they would have received had the case been filed under chapter 7; 3) modification of the Plan is not a practical alternative because there is no source of regular income.

When the Debtor filed her voluntary bankruptcy petition she could have sought relief under chapter 7 or chapter 13 of the Bankruptcy Code. If she had filed under chapter 7 her debts would have been discharged, she would have retained all of her assets and unsecured creditors would have received nothing. Ms. Bond, however, proposed a chapter 13 Plan which made every dollar of her disposable income available to her creditors. The Debtor's decision to attempt an ambitious chapter 13 plan involved a commitment on her part to hard work and sacrifice for a period of 42 months. If the case is now dismissed, the Debtor would be penalized for making that

admirable election. Chapter 13 cases, which in this district typically pay high dividends to unsecured creditors, are a highly desirable alternative to chapter 7 cases which 90% of the time pay nothing to holders of discharged unsecured claims. Chapter 13 cases should be encouraged and honest chapter 13 debtors who put forth their best efforts to pay creditors should not be penalized for making that choice. A discharge under 11 U.S.C. § 1328(b) is entirely appropriate in this case and accordingly,

IT IS HEREBY ORDERED that the Debtor's request for a discharge under 11 U.S.C. § 1328(b) is GRANTED.