**In re Anthony T. MAGGARO, Debtor.**

**Bankruptcy No. 87–4225.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 3, 1988.

Joel Treuhaft, Tampa, Fla., for debtor.

Donald Whittemore, Tampa, Fla., for Community Federal.

Lynn England, Tampa, Fla., U.S. Trustee.

**ORDER ON MOTION TO DISMISS AND MOTION FOR SANCTIONS OR ALTERNATIVELY FOR REMAND**

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing with notice to all parties in interest upon a Motion to Dismiss this Chapter 11 case pursu-

ant to § 1112(b) of the Bankruptcy Code and Motion for Sanctions or Alternatively To Remand, filed by Community Federal Savings and Loan Association of Tampa (Community Federal). It appears that the following facts relevant to the Motions are without dispute and are as follows:

On November 4, 1985, Community Federal commenced a foreclosure action to foreclose its interest in property owned by Clementine Land Trust, of which the Debtor appears to be a beneficiary. Apparently the Clementine Land Trust had executed a promissory note and mortgage in favor of Community Federal, and the note was guaranteed by the beneficiaries of the Trust, one of which is the Debtor.

A Final Judgment of Foreclosure was entered on November 4, 1986, resulting in a public sale of the property, and Community Federal, the successful bidder, purchased the property for $224,000.00. A Certificate of Sale was issued by the Clerk of Court on November 26, 1986, and a Certificate of Title was issued to Community Federal on December 23, 1986.

On March 25, 1987, Community Federal filed its Motion for Deficiency Judgment against each of the guarantors, including the Debtor. A hearing on the Motion was scheduled for August 5, 1987, and a default was entered against the Debtor as the Debtor failed to appear. On the same day, the Debtor filed this Chapter 11 case admittedly for the purpose of preventing Community Federal from obtaining a deficiency judgment against the Debtor. The Debtor also filed an Application to Remove the State Court deficiency proceeding to the Bankruptcy Court.

It appears that the Debtor is a wage earner, employed as a sales manager of a car dealership. The Debtor has no assets except for household goods and furnishings valued at $560.00. The Debtor did not list the property involved in the foreclosure suit, although he did state on Schedule A–2 that Community Federal is a secured creditor on this property. All creditors, with the exception of the Government, Florida National Bank and Flushing Federal c/o Long Island Savings Bank, have contingent claims against the Debtor. It should be noted that the U.S. Trustee joined in Community Federal's Motion to Dismiss based on the Debtor's failure to file schedules as ordered by this Court. With an extension, the Debtors were allowed to file their schedules before October 10, 1987. Schedules were not filed until October 19, 1987, after the expiration of the extension granted until October 10, 1987.

It is the contention of Community Federal that this case should be dismissed for "cause" pursuant to § 1112(b) of the Bankruptcy Code based initially on the Debtor's bad faith in filing the petition. Specifically, Community Federal claims that the petition was filed solely to harass and delay Community Federal by preventing it to conclude its action against the guarantors in the state court and without any intention or need to reorganize his affairs. As further grounds, Community Federal urges that the case should be dismissed pursuant to § 1112(b)(1) and (2) of the Bankruptcy Code based on an absence of a reasonable likelihood of rehabilitation and of this Debtor and his inability to effectuate a plan of reorganization.

In opposition, the Debtor disputes that the petition was filed in bad faith and argues that he has an honest intention to reorganize and argues that a plan of reorganization is realistic in that he will attempt to set aside the foreclosure sale as a fraudulent transfer. When this is accomplished, so the Debtor contends, he will have the option of either running a pub on the property or selling the property at a higher price than that paid by Community Federal at the foreclosure sale, thereby producing sufficient monies to pay off both secured and unsecured creditors in full and thus effectuate a plan of reorganization.

The term "cause," as used in § 1112(b) of the Bankruptcy Code, is not defined and it was obviously intended to be a flexible concept. This is evident from the legislative history of this section, which includes the following statement discussing the concept of "cause" as used in this section:

The Court will be able to consider other equitable powers to reach an appropriate

result in individual cases. H.R.Rep. No. 595, 95 Cong. 1st Sess. 406 (1977); U.S. Code Cong. & Admin.News 1978, pp. 5787, 6362.

Evidence of an intent to abuse or misuse the reorganization process of Chapter 11 is sufficient "cause" to warrant a dismissal of the case pursuant to § 1112(b). *In re 299 Jack Hemp Associates,* 20 B.R. 412 (Bankr.S.D.N.Y.1982); *In re Welwood Corp.,* 60 B.R. 319 (Bankr.M.D.Fla.1986). Furthermore although there is no express language in the Code which authorizes a dismissal of a Chapter 11 case for lack of good faith, it is generally recognized that the concept of good faith is an implicit prerequisite to filing and maintaining a Chapter 11 case. *In re Victory Construction Co., Inc.,* 9 B.R. 549 (Bankr.C.D.Cal. 1981).

While no single factor is determinative of the issue, when the question of lack of good faith is raised the Court must examine all of the facts and circumstances of the case under consideration in reaching its decision. *Little Creek Development,* 779 F.2d 1068 (5th Cir.1986); *In re Thirtieth Place, Inc.,* 30 B.R. 503 (9th Cir.1983).

Clearly, the case at hand was filed for the sole purpose of preventing Community Federal from obtaining a deficiency judgment and not for the purpose of effecting a reorganization. Based on the Debtor's purpose in filing this case and on the additional undisputed fact that the Debtor does not have any business to rehabilitate, it appears that the case was not filed with an honest intent to reorganize and thus was filed in bad faith.

Moreover, the case should also be dismissed pursuant to § 1112(b)(1) & (2) based on the apparent inability of the Debtor to effectuate a viable plan of reorganization. This Debtor is a wage earner who has no assets, and has no business to reorganize, his only hopes of reorganization is based on a lawsuit yet to be litigated and thus yet to be concluded in favor of the Debtor. As has been well recognized, proposing to fund a plan from a potential lawsuit is sufficient to compel the conclusion that any such plan is not feasible,

which in turn would be "cause" warranting a dismissal of this Chapter 11 case pursuant to § 1112(b)(1) of the Bankruptcy Code. *In re Winshall Settlor's Trust,* 758 F.2d 1136 (6th Cir.1985).

Based on the foregoing, this Court is satisfied that the case of Anthony Maggaro should be dismissed with prejudice and the Motion to Dismiss should be granted.

Regarding Community Federal's Motion for Sanctions, this Court will defer ruling pending the submission by Donald Whittemore, attorney for Community Federal, of an affidavit and detailed schedules as to time spent in filing its Motion to Dismiss.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss be, and the same is hereby, granted, and the case of Anthony Maggaro, will be dismissed without further notice after this Court's consideration of the Motion for Sanctions. It is further

ORDERED, ADJUDGED AND DECREED that ruling on the Motion for Sanctions will be deferred pending submission by Donald Whittemore of an affidavit and detailed schedules as to time spent in filing the Motion to Dismiss. It is further

ORDERED, ADJUDGED AND DECREED that Donald Whittemore be, and is hereby, directed to submit an affidavit and detailed schedules as to time spent in filing the Motion to Dismiss within 10 days of the date of the entry of this Order. It is further

ORDERED, ADJUDGED AND DECREED that in the event no affidavits and schedules are filed within 10 days from the date of this Order, the Motion for Sanctions will be denied.