URBANCO, INC., Joseph Winden, Carolyn Winden and Thomas Brown, Appellants,

v.

URBAN SYSTEMS STREETSCAPE, INC., Appellee.

No. G89–50948 CA.

Bankruptcy No. NG 86–654.

United States District Court, W.D. Michigan, S.D.

Feb. 13, 1990.

Charles S. Roming, Dilley & Dilley, Grand Rapids, Mich., for appellants.

Brian D. Vincent, Degroot, Keller & Vincent, Grand Rapids, Mich., for appellee.

## MEMORANDUM OPINION AND ORDER OF THE COURT

ROBERT HOLMES BELL, District Judge.

This is an appeal from a decision of the Honorable David E. Nims, Jr., Bankruptcy Judge in the Western District of Michigan. In his October 30, 1989 decision, Judge Nims denied appellants' motion to reopen the bankruptcy case entitled *In re Urban Systems Streetscape, Inc.*, Bankruptcy Court File No. NG 86–654, which had been closed on June 12, 1989. Appellants contend Judge Nims abused his discretion.

### I

The bankrupt debtor, Urban Systems Streetscape, Inc., filed a voluntary petition in bankruptcy under Chapter 7 of the Bankruptcy Code on March 10, 1986. At that time, a breach of contract action brought against the debtor by Pacific Lighting Sales, Inc., in the Superior Court for Orange County, California, was automatically stayed. Pacific Lighting proceeded to pursue its remedies on two fronts: in the bankruptcy court by filing its proof of claim; and, in the state court by amending its complaint to add claims against certain individuals and corporate entities who were allegedly the "alter ego" of debtor Urban Systems Streetscape.[1] These claims are set to be tried in California, commencing February 20, 1990.

---

1. The amended complaint contains three claims against the appellants herein which rest upon an "alter ego" theory of liability to pierce the corporate veil: breach of contract, common law fraud and conspiracy to defraud, and violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961 *et seq.*

Some of the alter ego defendants are the appellants in this matter. They contend their potential liability to Pacific Lighting constitutes an asset in the estate of the bankrupt debtor Urban Systems Streetscape, which, for the benefit of other creditors, ought to be adjudicated in the bankruptcy court. Judge Nims denied the motion to reopen on the ground that appellants had, through, laches, forfeited their opportunity to an adjudication in bankruptcy court.

## II

Whether to reopen a bankruptcy case under 11 U.S.C. § 350(b) is a matter committed to the sound discretion of the bankruptcy judge and will not be set aside absent abuse of discretion. *In re Rosinski*, 759 F.2d 539, 540–41 (6th Cir.1985); *Hawkins v. Landmark Finance Co.*, 727 F.2d 324, 326–27 (4th Cir.1984); *Matter of Seats*, 537 F.2d 1176, 1177 (4th Cir.1976). Moreover, in reviewing Judge Nims' exercise of discretion, the Court is guided by the "overriding consideration that equitable principles govern the exercise of bankruptcy jurisdiction." *Id.*, 537 F.2d at 1178, quoting from *Bank of Marin v. England*, 385 U.S. 99, 103, 87 S.Ct. 274, 277, 17 L.Ed.2d 197 (1966).

Consistent with this overriding consideration, Judge Nims based his denial of the motion to reopen upon the equitable doctrine of laches. "Laches" is defined as "such neglect or omission to assert a right, taken in conjunction with lapse of time and other circumstances causing prejudice to an adverse party, as will operate as a bar in equity." 27 *Am.Jur.2d*, Equity § 152. Having reviewed the transcript of the hearing in which Judge Nims issued his ruling, the court finds several observations, expressed or implicit, which were critical to his invoking the doctrine of laches.

First, from the commencement of the state claims against them individually in May, 1986, petitioner-appellants were well-aware of the pendency of bankruptcy proceedings in the Western District of Michigan. Yet, notwithstanding their professed concern for the assets of the bank-rupt's estate and for its creditors, appellants made no effort to invoke the assistance of the bankruptcy court until after the estate was closed. Second, Judge Nims was not satisfied with appellants' explanation for their delay. That appellants' present counsel sought relief in the bankruptcy court immediately after becoming involved in the Fall of 1989, suggesting that former counsel had been negligent in failing to do so earlier, was found not to excuse appellants, faulty judgment of counsel representing no defense to the bar of laches. Third, Judge Nims correctly recognized the prejudice that would result if the bankruptcy case were now reopened and the four-year old state action were stayed on the eve of the long-awaited trial. Such a disruption would be unfair both to Pacific Lighting and to the Orange County Superior Court and would be justified only under the most compelling circumstances.

This court concurs with Judge Nims' reasoning in all respects. The refusal to reopen the bankruptcy case appears to be based on a proper weighing of equitable considerations.

> [T]he granting of a motion to reopen is within the sound discretion of the court. *In re North Duke Ltd. Partnership*, 57 B.R. 412 (Bkrtcy.D.D.C.1984). Such a motion should be granted only where a compelling reason for reopening the case is demonstrated. *VI Bureau of Internal Revenue v. St. Croix Hotel Corp.*, 60 B.R. 412 (Virgin Islands 1986). See also *Hawkins v. Landmark Finance Co.*, 727 F.2d 324 (4th Cir.1984); *Matter of Pagan*, 59 B.R. 394 (D. Puerto Rico 1986). That is, a case should not be reopened to relieve a party of its own neglect of mistake.

*In re Borer*, 73 B.R. 29, 31 (Bkrtcy.N.D. Ohio 1987). Appellants seek relief from the effects of their own neglect. As "compelling reasons," they cite the interests of others: the bankrupt debtor, other creditors, and the integrity of the bankruptcy court's jurisdiction. Yet none of these others have joined in appellants' cause. Before the bankruptcy court, the attorney for the bankrupt debtor's trustee spoke in op-

position to reopening. No other creditors have been heard to support appellants' motion. And the bankruptcy court obviously believed the integrity of its jurisdiction would be better preserved through denying the motion. Under all the circumstances, the Court cannot hold that the bankruptcy court abused its discretion.

### III

■ The Court notes appellants have vigorously argued the so-called alter ego claims are an asset in the bankrupt's estate. While the issue is collateral to review of the bankruptcy court's exercise of discretion, since it appears to have played no role in the refusal to reopen, a few comments are warranted.

Appellants correctly observe that "property of the debtor's estate" under 11 U.S.C. § 541(a)(1), which can be reached by the bankruptcy trustee, is to be determined with reference to state law. They further cite Michigan and California case law as support for the proposition that alter ego claims against individual directors or shareholders or related entities who have abused the corporate form are maintainable not only by creditors of a corporation who would pierce the corporate veil, but also by the corporation itself. The authority cited is hardly conclusively persuasive, but even if it were, even if the alter ego claims were deemed an asset of the debtor corporation Urban Systems Streetscape, the appellants' argument would fail to overturn Judge Nims' decision.

Appellants rely on *Matter of S.I. Acquisition, Inc.,* 817 F.2d 1142 (5th Cir.1987). Applying Texas law, the Fifth Circuit held proceedings upon a creditor's alter ego claims against nonbankrupt codefendants were automatically stayed under 11 U.S.C. § 362(a)(1), because the claims were deemed property of the estate. This ruling was the product of a motion *by the bankruptcy trustee* invoking the protection of the bankruptcy court's jurisdiction during the pendency of a bankruptcy case. Here,

in contrast, it is not the trustee who seeks the bankruptcy court's protection, but the alter ego defendants themselves. Further, this relief is sought after the bankruptcy case has been closed and after the bankruptcy trustee had investigated the merits of the alter ego claims and concluded they were not worth pursuing on behalf of the debtor in the bankruptcy proceedings.[2] Under similar circumstances, even the Fifth Circuit declined to extend its ruling in *S.I. Acquisition:*

Here it is the alleged "alter ego" entity itself that challenges the creditor-plaintiff's attempt to penetrate the corporate veil. In *S.I. Acquisition,* the bankruptcy trustee sought to prohibit a creditor-plaintiff from pursuing its claim through the trustee's contempt power. Here, in contrast, the trustee's leave was obtained.

An extension of *S.I. Acquisition* in [the alter ego defendant's] favor would mean that allegedly liable "alter egos" could escape liability should the trustee for the "shell" corporation which it (the alleged "alter ego") has thrown into bankruptcy simply choose not to prosecute a potentially meritorious "alter ego" claim. We decline to convert the recognized shield for the debtor's estate into a shield for potentially liable "alter egos;" should the bankruptcy trustee decline the gauntlet, the veil-piercing sword is available to tort claimants or contract creditors, should they choose to attack in the bankruptcy proceeding or, with the bankruptcy court's leave, in another forum.

*Gibraltar Savings v. LDBrinkman Corp.,* 860 F.2d 1275, 1286 (5th Cir.1988).

This Court agrees with the distinction drawn in *Gibraltar.* The present request for relief would assume a different hue if it had been brought during the pendency of the bankruptcy proceedings and/or if it had been brought by the bankruptcy trustee. However, where the trustee has declined to pursue the alter ego claims on behalf of the debtor and where the bankruptcy court has assented to prosecution of the state action

---

**2.** This evaluation of the claims by the trustee was presented at the hearing before Judge Nims

by the trustee's attorney.

through refusing to reopen, the shield of bankruptcy jurisdiction should not be available to alter ego defendants. Again, the Court concludes Judge Nims did not abuse his discretion.

IV

ACCORDINGLY, IT IS HEREBY ORDERED that the decision of the bankruptcy court denying the motion to reopen is AFFIRMED;

IT IS FURTHER ORDERED that appellants' motion for an order staying further proceedings in the Orange County Superior Court action is DENIED.