**In re George John WALTERS, d/b/a Farmer, Debtor.**

**Bankruptcy No. 485–00073–PKE.**

United States Bankruptcy Court,
D. South Dakota, S.D.

May 2, 1990.

J. Bruce Blake, Sioux Falls, S.D., for movant, Adele M. Walters, Widow of George John Walters, debtor.

Brett P. Scott, Trial Atty., Tax. Div., U.S. Dept. of Justice, Washington, D.C. and R.P. Murley, Asst. U.S. Atty., Sioux Falls, S.D., for respondent, the U.S.

### MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

### ACTION

In a case of first impression in this district, the Court must decide whether a Chapter 11 case may be reopened notwith-

standing the demise of said debtor. For the reasons outlined below, the Court grants the motion to reopen the case under 11 U.S.C. § 350(b). The instant matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B). This Court maintains jurisdiction under 28 U.S.C. § 1334. This memorandum constitutes findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure and Bankruptcy Rule 7052.

## FACTUAL BACKGROUND

There are no disputed facts. The debtor, George John Walters, filed a Chapter 11 petition on February 20, 1985. The debtor farmed near Huron, South Dakota. The debtor's plan was confirmed May 4, 1987. A final decree closing the bankruptcy was entered August 4, 1987. There has been no allegation that the debtor is not current with any payments under the plan.

The debtor, pre-petition, sold certain real estate under a contract for deed to Beul Walters. Beul Walters owed money on Internal Revenue Service (IRS) tax claims which resulted in the IRS filing federal tax lien notices pursuant to 26 U.S.C. §§ 6321, 6323. Beul also owed tax claims due the State of South Dakota. By reason of pre-petition defaults, Beul Walters quit-claimed his interest in the real estate to the debtor, and the parties mutually agreed and did cancel and hold neither liable under the contract for deed.

Post-confirmation, George Walters learned that the tax liens, previously recorded against Beul Walters, are impediments clouding the title to the real estate at issue. Neither the IRS nor the State of South Dakota filed a proof of claim against the debtor concerning the debt owed to Beul Walters which currently clouds his title.

On November 21, 1989, George Walters moved to clear the liens which were encumbrances on his real estate. George Walters died December 4, 1989, and his widow, Adele Walters, is executrix of the estate of George Walters. In January, 1990, this Court adjudicated that the proposed adversary action required the case be reopened

first. At a hearing held March 6, 1990, the IRS resisted the motion to reopen George Walters' Chapter 11 case because the debtor died and, therefore, could not qualify as a person under the Bankruptcy Code. The Court took the matter under advisement.

## ISSUE

Can a Chapter 11 case be reopened for the limited purpose of conducting an adversary proceeding to avoid liens of certain creditors when the debtor has become deceased?

## DISCUSSION

Whether to reopen a case after it has been closed for the purpose of avoiding security interests, to add an omitted creditor, or for the purpose of avoiding a lien is within the bankruptcy court's discretion. *Hawkins v. Landmark Finance Co.*, 727 F.2d 324, 326 (4th Cir.1984); *Matter of Stark*, 717 F.2d 322, 324 (7th Cir.1983); *Urbanco, Inc. v. Urban Systems Streetscape, Inc.*, 111 B.R. 134, 135 (Bankr.W.D. Mich.1990); *In re Gortmaker*, 14 B.R. 66, 68 (Bankr.D.S.D.1981). Bankruptcy Code Section 350(b) provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." The debtor's Chapter 11 case was administratively closed by this Court. Ample authority holds that, absent fraud or prejudice to a creditor, the bankruptcy court may reopen a case for the purpose of commencing a proceeding to avoid the fixing of a lien. *In re Rosinski*, 759 F.2d 539, 540–41 (6th Cir.1985); *In re Rhodes*, 88 B.R. 199, 200 (Bankr.E.D.Ark.1988); *In re Costello*, 72 B.R. 841, 843 (Bankr.E.D.N.Y. 1987); *In re Towns*, 16 B.R. 949, 954 (Bankr.N.D.Iowa 1982). No one has alleged fraud or prejudice in the instant matter. Had the tax entities filed a proof of claim against Beul Walters in the debtor's case, this matter would have been dealt with prior to decedent's death. Consequently, the reopening of this case is justified in law and equity. The next question is whether or not the movant may reopen the case because George Walters died.

The IRS's central argument is that an insolvent debtor's estate may not file bankruptcy. 11 U.S.C. § 109 defines who may be a debtor in bankruptcy. "Only a person that may be a debtor under chapter 7 of this title, ... may be a debtor under chapter 11 of this title." 11 U.S.C. § 109(d). A person may be a debtor under Chapter 7 only if such person is not a railroad, a domestic insurance company, a bank, or a government unit. 11 U.S.C. § 109(b). These Section 109 definitions do not expressly exclude an insolvent probate estate.

The key element is the definition of "person." General Provision Section 101(35) provides that:

> "[P]erson" includes individual, partnership, and corporation, but does not include governmental unit, *Provided, however,* That any governmental unit that acquires an asset from a person as a result of operation of a loan guarantee agreement, or as receiver or liquidating agent of a person, will be considered a person for purposes of section 1102 of this title.

11 U.S.C. § 101(35). The word, "includes," dictates a broad, rather than a narrow, construction. 11 U.S.C. § 102(3). 11 U.S.C. § 101(14) provides that " 'entity' includes person, estate, trust, governmental unit, and United States trustee." If an estate had already been included in the definition of a person, Congress would not have included it separately in the definition of an entity. *In re Estate of Whiteside by Whiteside,* 64 B.R. 99, 100–01 (Bankr.E.D. Cal.1986). The legislative history behind who may be a debtor states that "[t]he definition [of person] does not include an estate or a trust." *In re Goerg,* 844 F.2d 1562, 1566 (11th Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 850, 102 L.Ed.2d 981 (1989) (citing H.R.Rep. No. 595, 95th Cong., 2d Sess. 313, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5963, 6270; S.Rep. No. 989, 95th Cong., 2d Sess. 25, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5811).

Courts have uniformly supported the contention that the Bankruptcy Code's definitions of "person" and "debtor" exclude insolvent decedents' estates. *Id.; Whiteside,* 64 B.R. at 102; *In re Estate of Patterson,* 64 B.R. 807, 808 (Bankr.W.D.Tex. 1986); *Matter of 299 Jack–Hemp Associates,* 20 B.R. 412, 413 (Bankr.S.D.N.Y. 1982); *Matter of Jarrett,* 19 B.R. 413, 414 (Bankr.M.D.N.C.1982); *In re Brown's Estate,* 16 B.R. 128, 128 (Bankr.D.D.C.1981). The main reason cited by these courts in denying an insolvent probate estate access to bankruptcy is that Congress, through the Bankruptcy Code, elected not to extend bankruptcy to insolvent decedents' estates since probate systems developed by the individual states are a comprehensive and specialized machinery to administer such estates. *Id.* Also, the Bankruptcy Code's policy of giving individuals a fresh start, through discharging their debts, is not furthered by bankruptcy administration of decedents' estates. *Jarrett,* 19 B.R. at 414; *In re Estate of Hiller,* 240 F.Supp. 504 (N.D.Cal.1965). This Court finds the rationale and precedents compel it to hold that an insolvent decedent's estate may not file bankruptcy. The IRS correctly argued the executor or administrator of a decedent's estate cannot file for relief under the Bankruptcy Code. *In re James,* 31 B.R. 67, 69 (Bankr.D.S.D.1983). The IRS's argument, however, misses the mark because the instant matter asks whether the case may be reopened, not whether a bankruptcy petition may be filed.

The Court must now determine whether the exclusion of insolvent decedents' estates from bankruptcy applies in the context of reopening a case for lien avoidance pursuant to Bankruptcy Rule 1016. Bankruptcy Rule 1016 is as follows:

> Death or insanity of the debtor shall not abate a liquidation case under chapter 7 of the Code. In such event the estate shall be administered and the case concluded in the same manner, so far as possible, as though the death or insanity had not occurred. If a reorganization or individual's debt adjustment case is pending under chapter 11 or chapter 13, the case may be dismissed; or if further administration is possible and in the best interest of the parties, the case may pro-

ceed and be concluded in the same manner, so far as possible, as though the death or insanity had not occurred.

Bankruptcy Rule 1016. The Court is presented with an anomaly. Although an insolvent decedent's estate may not file a bankruptcy petition pursuant to the Bankruptcy Code and uniformly held case law, Bankruptcy Rule 1016 expressly authorizes a Chapter 11 reorganization may receive further administration as though the death or insanity had not occurred if it is possible and in the best interest of the parties.

The anomaly created by the exclusion of an insolvent decedent's estate from filing bankruptcy and the Bankruptcy Rule's authorization of a bankruptcy court to continue administration of a case as though the death of a debtor never occurred may be resolved in either of two fashions. First, this Court could adopt the position argued by the IRS that the Bankruptcy Code's definition of "debtor" controls notwithstanding Bankruptcy Rule 1016's allowance of a case to continue. Alternatively, the Court could adopt the view that a case may be reopened pursuant to 11 U.S.C. § 350(b) to accord relief where it is possible and in the best interest of the parties, including those who sought bankruptcy court protection and complied with their plan. Under the alternative view, the bankruptcy court maintains jurisdiction to hear the adversary lien avoidance hearing once the case has been reopened.

On cursory examination, the first position seems the more attractive of the two. It is appealing because it provides a mechanical test that can be simply applied. The Bankruptcy Code expressly defines "debtor," and general principles of statutory construction bind this Court to assume that Congress intended the definition to apply wherever it appears. *See Walling v. Portland Terminal Co.*, 330 U.S. 148, 67 S.Ct. 639, 91 L.Ed. 809 (1947).

The *Jarrett* case is cited by the IRS in support of the first position. In *Jarrett*, the court dismissed a Chapter 13 case when a conversion from Chapter 13 to Chapter 7 was sought when the debtor died after one-and-a-half years into the plan. Conver-

sion was denied because the decedent's estate failed to meet the definition of "person" which is required for a conversion pursuant to 11 U.S.C. § 1307(f). *Jarrett*, 19 B.R. at 414. The statute, in pertinent part, states "... a [Chapter 13] case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter." 11 U.S.C. § 1307(f). *Jarrett* is distinguishable as it concerns a conversion; whereas the instant matter deals with reopening as controlled by 11 U.S.C. § 350(b) which requires only that cause exist.

■ The second approach includes analysis of continuing administration of a case under Bankruptcy Rule 1016, instead of ignoring the rule as the first approach does. Where two statutes are capable of coexistence, it is the court's duty, absent clearly expressed Congressional intent to the contrary, to regard each as effective. *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1018, 104 S.Ct. 2862, 2880, 81 L.Ed.2d 815 (1984). Nowhere in either the Bankruptcy Code or Bankruptcy Rules is there express language requiring a reopened case to qualify as a debtor. Therefore, reopening a case under 11 U.S.C. § 350(b) and continuing case administration despite death under Bankruptcy Rule 1016 are both deemed effective.

Proceeding with administration of a bankruptcy estate is proper under Bankruptcy Rule 1016 to avoid penalizing one for filing bankruptcy and in the interest of equity. *In re Goldberg*, 98 B.R. 353, 358 (Bankr.N.D.Ill.1989); *In re Bond*, 36 B.R. 49, 51–52 (Bankr.E.D.N.C.1984). The debtor in *Bond* filed a Chapter 13 petition but died before all plan payments were made. The court continued administration of the case because the debtor would have had her debts discharged had she filed a Chapter 7 rather than a Chapter 13. *Bond*, 36 B.R. at 51. Had the *Bond* case been dismissed, the debtor would have been penalized for making the admirable election of filing an ambitious Chapter 13 plan rather than a Chapter 7. *Id.* at 52. Reorganizations are to be encouraged.

George John Walters, like the debtor involved in *Bond*, made a decision to attempt an ambitious reorganization plan involving a commitment to hard work and sacrifice over a period of time. Chapter 11 cases in this district typically pay high dividends to unsecured creditors, which is more desirable than the alternative of paying little in a Chapter 7 case. Reorganization cases should be encouraged, and honest debtors who put forth their best efforts in paying creditors should be given the benefit of the doubt under Bankruptcy Rule 1016, affording further administration where a lien avoidance issue concerns the debtor's property. Bankruptcy Rule 1016 permits the bankruptcy court to administer a case despite a debtor's death if possible. *See In re Peterson*, 897 F.2d 935 (8th Cir. 1990); *Goldberg*, 98 B.R. at 358. This Court finds further administration of debtor's case possible and in the best interest of the parties because the property at issue is familiar to the bankruptcy forum and all counsel concerned, as the property is the debtor's. Such familiarity diminishes attorney fees, since new counsel in another forum, who would need to be made knowledgeable of the issue, need not be employed.

Of the two positions available, this Court adopts the view that a case may be reopened for the limited purpose of determining the validity of liens despite the death of the debtor. Reopening the case cannot hinge solely on whether or not the debtor now meets the Bankruptcy Code's narrow definition of a debtor.

The most disconcerting aspect about the first position, which would determine reopening a case based on whether the movant met the definition of "debtor," is that the argument ignores the reality that bankruptcy law is a highly interrelated nature of various statutory provisions. Many sections are understandable only in the context of the overall Bankruptcy Code. Treister, *Fundamentals of Bankruptcy Law* ix (1986). Grasp of part of the Bankruptcy Code and Bankruptcy Rules can only be achieved after an understanding of the whole, which, in turn, depends on learning the interrelated nature of the various statutory parts. *Id.; see In re Goerg*, 844 F.2d 1562 (11th Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 850, 102 L.Ed.2d 981 (1989). In *Goerg*, the court was faced with the issue of whether a foreign debtor could start ancillary proceedings under 11 U.S.C. § 304. The problem was that the foreign debtor, an insolvent estate which could file bankruptcy in a West German court, failed to meet the definition of a debtor in the United States bankruptcy court system. *Id.* at 1563. The *Goerg* court examined various sections of the Bankruptcy Code, Bankruptcy Rules, and Congress' policies and balanced them to hold the foreign insolvent estate could bring a foreign ancillary proceeding.

Similarly, this Court refuses to don blinders and look only at whether the movant qualifies as a "debtor" to file a bankruptcy petition. Such interpretation ignores Bankruptcy Rule 1016's unambiguous language that a bankruptcy case may be administered despite the debtor's death in limited circumstances. The Court looks at the bankruptcy statutes in their entirety and balances the different sections. Nothing in the Bankruptcy Code expressly requires a debtor reopening a case to once again qualify as a debtor. A Chapter 11 case may be reopened, despite the death of the debtor, for the limited purpose of hearing an adversary action to avoid liens.

The Court will enter an appropriate order.

### ORDER REOPENING CHAPTER 11 BANKRUPTCY CASE

Pursuant to the Memorandum Decision executed this date, it is hereby

ORDERED that the motion to reopen the George John Walters voluntary Chapter 11 bankruptcy petition is approved and the case reopened.