**In the Matter of Loyd SHEPHERD, Jr., Debtor.**

**No. 09–13655.**

United States Bankruptcy Court, N.D. Indiana, Fort Wayne Division.

March 28, 2013.

Earl Raskosky, Fort Wayne, IN, for Debtor.

## DECISION ON MOTION TO SUBSTITUTE AND MOTION TO MODIFY CONFIRMED PLAN

ROBERT E. GRANT, Chief Judge.

The debtor in this chapter 13 case has died. The court learned of his death in connection with the trustee's motion to dismiss, filed due to a default in the required plan payments. Debtor's heirs do not want the case to be dismissed: they would like it to continue so that their father's debts can be discharged and the family home can be saved. To do this they want to modify the confirmed plan, by increasing the required monthly payments so that the default will be cured over the remaining term of the original sixty month plan and creditors will receive the same distribution (roughly 30%) they otherwise would. But, only the debtor, the trustee, or an unsecured creditor may seek to modify a confirmed plan, 11 U.S.C. § 1329(a), and the debtor's heirs are none of these. The confluence of the limited set of entities that may seek to modify a confirmed chapter 13 plan and the debtor's heirs' desire to perpetuate this case has produced the two motions presently before the court. The personal representative of the debtor's estate has filed a motion asking to be substituted for the debtor in this proceeding and, assuming that is accomplished, use that new status to seek modification of the confirmed plan. The matter is before the court to consider those issues, following a hearing and the submission of briefs.[1] There have been no objections to either motion from any creditor or other party in interest and so the issue before the court is not so much whether these things should be done but whether they *can* be done, and, in particular, whether the personal representative of a deceased chapter 13 debtor can be substituted for the original debtor in order to continue the case.[2]

---

1. Disposition of the trustee's motion to dismiss has been deferred pending a decision on the motions filed by the personal representative.

2. This is not a joint case: there is only one debtor. In a joint case, it is not unusual for one of the two debtors to die before the required plan payments have been completed and then, if necessary, for the surviving debtor to modify the plan so that the case can be successfully concluded. *See e.g., In re Zavala,* 366 B.R. 643 (Bankr.W.D.Tex.2007); *In re Florida,* 268 B.R. 875 (Bankr.M.D.Fla.2001); *In re Guentert,* 206 B.R. 958 (Bankr.W.D.Mo. 1997); *In re Baker,* 194 B.R. 881 (Bankr.

■ There is no mechanism in either the Bankruptcy Code or the rules of procedure for substituting another entity for the debtor in a bankruptcy case.[3] Rule 1016 of the Federal Rules of Bankruptcy Procedure does, however, address the effect of the death or the incompetency of a debtor on their bankruptcy. Where the case is pending under chapter 13, it provides:

> the case may be dismissed; or if further administration is possible and in the best interest of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death or incompetency had not occurred. Fed. R. Bankr.P. Rule 1016.

If substitution of the debtor's personal representative was an available option this is where that would be specified; yet, where parties are concerned the rule contemplates doing nothing. The case proceeds to some sort of ending without any change in the identity of the debtor and as though the debtor had never died.[4] Admittedly, that will usually be dismissal, *see,* Fed. R. Bankr.P. Rule 1016, Advisory Committee Notes, but that is not because the debtor has died. Instead, it is because the funding for a chapter 13 plan is generally based on the debtor's future earnings,

William L. Norton, Jr., Norton Bankruptcy Law and Practice 2d: Bankruptcy Rules, Rule 1016, Editor's Comment; 9–1016 Collier on Bankruptcy ¶ 1016.04, and after the debtor's death there is nothing left with which to fund the plan. *In re Alvarez Diaz,* 2006 WL 3898315, 2006 Bankr.LEXIS 3835 (Bankr.D.Puerto Rico 2006); *In re Leedy,* 2000 WL 34024262, *1 fn. 1 (Bankr.E.D.Va.2000); Lundin & Brown, Chapter 13 Bankruptcy § 269.1 ¶ 2. Nonetheless, other endings are possible: if all the required plan payments were made before the debtor died, it may be appropriate to enter a discharge, 11 U.S.C. § 1328(a); if not, a hardship discharge might be available, 11 U.S.C. § 1328(b), *In re Bond,* 36 B.R. 49 (Bankr.E.D.N.C.1984), *In re RedWine,* 2011 WL 1116783 (Bankr. N.D.Ga.2011); finally, if the plan's funding is not dependent upon the debtor's earned income, it might be preferable ("in the best interests of the parties") to simply let whatever it was that had been set in motion continue. Nonetheless, none of these options require replacing the debtor with another entity.

■ The absence of any mechanism to substitute someone or something else for a deceased debtor in bankruptcy proceed-

---

S.D.Cal.1996). *See also,* Keith M. Lundin & William H. Brown, Chapter 13 Bankruptcy, 4th ed., § 269.1, at ¶ 2, Sec. Rev. June 9, 2004, www.Ch13online.com. Since this is not a joint case, that is not possible here.

**3.** Rule 25 of the Federal Rules of Civil Procedure addresses the substitution of parties and applies to both adversary proceedings and contested matters in bankruptcy cases. *See,* Fed. R. Bankr.P. Rules 7025, 9014(c). Yet, the main bankruptcy case, which begins with a petition for relief under title 11, *see,* 11 U.S.C. §§ 301–303, is neither an adversary proceeding nor a contested matter. It is, instead, the umbrella under which those other proceedings occur. *See, In re Houghton Mifflin Harcourt Publishing Co.,* 474 B.R. 122, 131 n. 28 (Bankr.S.D.N.Y.2012); *Cumis In-*

*surance Society, Inc. v. Newton,* 388 B.R. 250, 254 (Bankr.S.D.Tex.2008); *In re Gibbs,* 107 B.R. 492, 497 (Bankr.D.N.J.1989). *See also,* 28 U.S.C. § 1334(a), (b) (distinguishing between cases under title 11 and civil proceedings arising in, under, or related to cases under title 11 for the purposes of jurisdiction).

**4.** This seems to preclude the substitution of the debtor's personal representative because the very act of doing so would be to acknowledge that the debtor had died. If substitution was contemplated by the rule, it would read something like: "... if further administration is possible and in the best interest of the parties, the debtor's personal representative may be substituted and the case may proceed and be concluded."

ings makes sense when one considers the purposes of bankruptcy. One of them is to give debtors a "fresh start" so they can "enjoy 'a new opportunity in life with a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.'" *Grogan v. Garner*, 498 U.S. 279, 286–87, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991) (quoting *Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934)). The other is paying creditors. *See, Jendusa–Nicolai v. Larsen*, 677 F.3d 320, 324 (7th Cir.2012); *In re River West Plaza–Chicago, LLC*, 664 F.3d 668, 671 (7th Cir.2011). After the debtor has died one does not need a bankruptcy proceeding to accomplish these goals. A debtor who has died has no need of a fresh start, *see, Harris v. Zion's Savings Bank & Trust Co.*, 127 F.2d 1012, 1014 (10th Cir.1942); *Matter of Jarrett*, 19 B.R. 413, 414 (Bankr.M.D.N.C.1982), and, where paying creditors is concerned, that can be accomplished through state probate proceedings.[5] *In re Langley*, 2009 WL 5227665, *1 (Bankr.S.D.Ga.2009); *In re Sales*, 2006 WL 2668465 (Bankr.N.D.Ohio 2006).

If one considers why it may be necessary to substitute one entity for another in litigation and what the effect of substitution is, one can better understand why there is no mechanism for substituting a different entity for the debtor in a bankruptcy proceeding. In common parlance, the verb substitute means to replace or exchange. *See e.g.*, Webster's Third New International Dictionary 2280 (1981). We are not talking about a temporary stand-in for the original object—as in a substitute teacher who may take over for a short while when another is ill—but a complete replacement of the original object. In everyday life we do this when something is broken and cannot be repaired; yet the object in question is something we do not wish to do without, and so we acquire another. The same type of thing happens in litigation. When a plaintiff dies its cause of action against a defendant is no longer extinguished but passes to another, whether to its estate or its heirs. *See e.g.*, I.C. 34–9–3–1; *Jose v. Indiana National Bank of Indianapolis*, 139 Ind.App. 272, 218 N.E.2d 165, 166–67 (1966). That successor becomes the new owner of the claim and is entitled to prosecute it in their own right, on their own behalf. *Cf., Fidelity & Deposit Co. of Maryland v. Fitzgerald*, 272 F.2d 121, 129 (10th Cir.1959); *U.S. v. Saunders Petroleum Co.*, 7 F.R.D. 608 (W.D.Mo.1947) ("the person who has the legal right to sue may and should be substituted"); Fed. R. Civ. P. Rule 17(a) ("An action must be prosecuted in the name of the real party in interest."). The same type of thing can happen to a defendant where an action is being prosecuted against them in their official capacity and during the course of the litigation someone else takes over that office. Since the claim is against the official and not the individual who holds the office, it is the new officeholder who is responsible for the claim and as such, it is they who need to be substituted for the original defendant. *See*, Fed. R.Civ.P. Rule 25(d).

---

**5.** In a chapter 7 case, the debtor receives a discharge much sooner than under chapter 13. So it is quite possible that a debtor could die after receiving a discharge and yet before the trustee had finished liquidating assets to pay creditors. This is undoubtedly one reason a chapter 7 case is not abated after the debtor dies. *See*, Fed. R. Bankr.P. Rule 1016; 9–1016 Collier on Bankruptcy ¶ 1016.02 (16th ed.). If the case were dismissed, the discharge would remain effective, preventing creditors from asserting their claims against the debtor's probate estate, but nothing would have been done in the bankruptcy to serve their purpose for the proceeding. In order to do so, the case must proceed.

Unlike a claim which can survive a plaintiff's death or even be sold by the plaintiff, *see,* Fed.R.Civ.P. Rule 25(c), the opportunity to seek bankruptcy and the discharge that results from it are personal to the debtor. *Cf.,* 11 U.S.C. § 524(e) (discharge does not affect the liability of any other entity). Furthermore, a debtor's heirs do not become liable for the debtor's obligations simply because the debtor has died. Consequently, after a debtor's death there is no one who owns or succeeds to the debtor's opportunity to obtain a bankruptcy discharge. This can be contrasted with the situation in which a litigant becomes incompetent during the course of the litigation and has a guardian appointed for them. In that instance, the guardian may take over the litigation, but they do so only in a representative capacity. They do not seek to vindicate or protect their own rights, but the rights of their ward. This may be why there are slightly different rules for substitution because of a party's death and because of incapacity. *See,* Fed.R.Civ.P. Rule 25(a) (death), (b) (incompetency). *See also,* Fed. R. Bankr.P. Rule 1004.1 (a guardian or similar fiduciary may file a petition on behalf of an infant or incompetent). The substituted new owner is enforcing its own rights (albeit rights it acquired from the deceased), the substituted fiduciary/representative is enforcing rights that really belong to someone else, for the benefit of that someone else.

Because the substituted party is vindicating its own rights and acts on its own behalf, and not as the representative of the original party, it may be instructive to consider the ability of a probate estate to be a debtor under the Bankruptcy Code. In this regard, it is universally held that a probate estate may not be a debtor.[6] *In re Estate of Gray ex rel. Gray,* 2011 WL 3946729 (E.D.Mich.2011); *In re Walters,* 113 B.R. 602, 604 (Bankr.D.S.D.1990); *In re Brown's Estate,* 16 B.R. 128 (Bankr. D.C.1981). Only persons qualify for relief under title 11, *see,* 11 U.S.C. § 109(a), and a probate estate is not a person. *In re Estate of Roberts,* 2005 WL 3108224, *1 (Bankr.D.Md.2005); *In re Erickson,* 183 B.R. 189, 193 (Bankr.D.Minn.1995); *Walters,* 113 B.R. at 604; *Jarrett,* 19 B.R. at 414. *See also,* H.R.Rep. No. 595, 95th Cong., 2d Sess. 313, reprinted in 1978 U.S.Code Cong. & Admin. News 5963, 6270; S.Rep. No. 989, 95th Cong., 2d Sess., reprinted in 1978 U.S.Code Cong. & Admin. News 5787, 5811 ("[t]he definition [of person] does not include an estate or trust."). Even if it were, relief under Chapter 13 is available only to individuals—flesh and blood human beings—11 U.S.C. § 109(e), and a probate estate is not an individual. *Brown's Estate,* 16 B.R. 128; *Roberts,* 2005 WL 3108224, *1. *See also, In re Fuller,* 2010 WL 1463150, 2010 Bankr.LEXIS 1092 (Bankr.D.Colo.2010). If it were appropriate for a probate estate to seek relief under the nation's bankruptcy laws it would be able to do so directly. But, a probate estate has no need for bankruptcy relief. It has a limited purpose (the orderly disposition of the decedent's property and affairs) and once that purpose has been achieved its existence should end. *See,* I.C. 29–1–16–2 (representative required to promptly close probate estate). So, unlike a corporation, it has no need to reorganize its own affairs and, unlike an individual, it has no need of a discharge.

Since a probate estate cannot file bankruptcy directly, it should not be permitted

---

**6.** Although a decedent's estate is not eligible to be a debtor, the personal representative of that estate is not barred from filing *in their individual capacity. See,* Lundin & Brown, Chapter 13 Bankruptcy, § 7.8, at ¶ 1, (citing *Bunch v. Hopkins Sav. Bank,* 249 B.R. 667, 668 (Bankr.D.Md.2000)).

to do so indirectly by using a mechanism that does not exist. It cannot be substituted for the debtor.[7] *Accord, Erickson,* 183 B.R. 189 (chapter 12 case); *Langley,* 2009 WL 5227665. The motion to substitute the personal representative for the debtor will be DENIED. Since only the trustee, an unsecured creditor, or the debtor may seek to modify a confirmed plan, and the debtor's personal representative is none of these, the motion to modify will be DENIED as well. An order doing so will be entered.

---

**7.** The court recognizes that there are decisions that have apparently allowed substitution, *see, In re Perkins,* 381 B.R. 530 (Bankr. S.D.Ill.2007); *In re Stewart,* 2004 WL 3310532, 2004 Bankr.LEXIS 1042 (Bankr. D.Or.2004), but they do so without any meaningful discussion of the issue.