*By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to
6th Cir. BAP LBR 8024-1(b). See also 6th Cir. BAP LBR 8014-1(c).*

File Name: 20b0003n.06

# BANKRUPTCY APPELLATE PANEL

## OF THE SIXTH CIRCUIT

IN RE: GAYLE H. BAGSBY,

*Debtor.*

_____

E. COVINGTON JOHNSTON, JR.,

*Appellant,*

*v.*

HENRY E. HILDEBRAND, III, Chapter 13 Trustee;
UNITED STATES TRUSTEE, Region 8,

*Appellees.*

Nos. 19-8017/8018/8019

Appeal from the United States Bankruptcy Court
for the Middle District of Tennessee at Nashville.
No. 3:19-bk-01810; 3:18-bk-01762; 3:16-bk-08631—Charles M. Walker, Judge.

Decided and Filed: April 27, 2020

Before: CROOM, PRICE SMITH, and WISE, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF:** Phillip G. Young, Jr., THOMPSON BURTON PLLC, Franklin, Tennessee,
Winston S. Evans, EVANS, JONES & REYNOLDS, Nashville, Tennessee, for Appellant.

_____

**OPINION**

_____

TRACEY N. WISE, Chief Bankruptcy Appellate Panel Judge. Gayle Bagsby
("Decedent") died on February 28, 2006. However, attorney E. Covington Johnston
("Attorney") filed a skeletal chapter 13 bankruptcy petition in Decedent's name ten years later in

2016 and a second one in 2018 at the request of her daughter, Elizabeth Pace Bagsby Dish ("Ms. Bagsby"). Ms. Bagsby was the Administratrix of Decedent's probate estate. Following dismissal of those cases, Ms. Bagsby filed three more petitions on Decedent's behalf, *pro se*.

When Ms. Bagsby filed the most recent chapter 13 case in March 2019, the bankruptcy court directed Attorney to appear and show cause as to why he should not be sanctioned for his prior conduct. After taking evidence, the court reopened Decedent's first two cases and issued sanctions against Attorney and Ms. Bagsby. Attorney appeals from the sanctions order.

## ISSUE ON APPEAL

Attorney identifies one appellate issue: "Whether the Bankruptcy Court erred in issuing sanctions against [Attorney] based upon the facts in the record; in other words, whether the record supported the issuance of sanctions against [Attorney]." (Appellant's Br. ("Attorney's Brief") at 6, BAP No. 19-8017, ECF No. 24.) However, the arguments in Attorney's Brief concern a different issue: whether the bankruptcy court correctly applied the appropriate legal standard when sanctioning Attorney under Bankruptcy Rule 9011 *sua sponte*.[1]

## JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Middle District of Tennessee has authorized appeals to the Panel, and no party timely elected to have this appeal heard by the district court. 28 U.S.C. § 158(b)(6) and (c)(1). "Orders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020) (citing *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015)). A bankruptcy court's order assessing sanctions is a final order that may be appealed as of right. 28 U.S.C. § 158(a)(1); *see also In re Jackson*, 554 B.R. 156, 159 (B.A.P. 6th Cir. 2016) ("An order sanctioning a party and imposing a sum certain amount in

---

[1]References to the Federal Rules of Bankruptcy Procedure appear as "Bankruptcy Rule," and references to the Federal Rules of Civil Procedure appear as "Civil Rule." Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

damages is a final order." (citing *Church Joint Venture, L.P. v. Blasingame* (*In re Blasingame*), 525 B.R. 675, 678 (B.A.P. 6th Cir. 2015))).

"The Panel reviews a bankruptcy court's imposition of sanctions for abuse of discretion." *Dean v. Lane* (*In re Lane*), 604 B.R. 23, 27 (B.A.P. 6th Cir. 2019) (citation omitted). "An abuse of discretion is defined as a 'definite and firm conviction that the [court below] committed a clear error of judgment.'" *Jackson*, 554 B.R. at 159 (citation omitted, alteration in original). A bankruptcy court's factual findings are reviewed for clear error. *Id*. "Sanctions based upon an erroneous view of the law or an erroneous assessment of the evidence are necessarily an abuse of discretion." *In re Royal Manor Mgmt., Inc.*, 525 B.R. 338, 346 (B.A.P. 6th Cir. 2015), *aff'd sub nom. Grossman v. Wehrle* (*In re Royal Manor Mgmt., Inc.*), 652 F. App'x 330 (6th Cir. 2016).

**FACTS**

**I.      The bankruptcy court issues an Order to Show Cause to Attorney.**

Ms. Bagsby, acting without counsel and as Administratrix, filed a fifth bankruptcy case for Decedent on March 22, 2019. A week later, the Chapter 13 Trustee ("Trustee") filed two motions. First, Trustee moved to dismiss the case because a deceased person's estate is ineligible to be a debtor under § 109. Second, Trustee moved to sanction Ms. Bagsby for abuse of the bankruptcy system. Neither motion referenced Attorney, but the motion to dismiss mentioned the second case Attorney filed for Decedent.

After the bankruptcy court held an initial hearing on the motion for sanctions it entered an order setting an evidentiary hearing which required Attorney and Ms. Bagsby to appear and show cause why they should not be sanctioned for filing bankruptcy cases on behalf of a deceased person. The court also instructed the Office of the United States Trustee ("UST") to investigate and advise of its findings and recommendations for further actions. Before the evidentiary hearing, UST filed a Statement that mainly discussed Ms. Bagsby's conduct. UST recommended that the bankruptcy court sanction Ms. Bagsby but offered no recommendations regarding Attorney.

**II.      The bankruptcy court holds an evidentiary hearing on the Order to Show Cause.**

Both Ms. Bagsby and Attorney (represented by counsel) appeared and testified at the evidentiary hearing.  Ms. Bagsby stated that she filed the first bankruptcy case in 2016 "on behalf of my deceased mother because the [real] property [in which Ms. Bagsby and her spouse were living] was held in [Decedent's] name" as "[s]he was the original homeowner and she died intestate." (Tr. 6:6-10[2], Case No. 3:19-bk-01810, ECF No. 45.)  Ms. Bagsby sought bankruptcy relief because the lender was attempting to foreclose on its mortgage.  She contacted Attorney, discussed filing a bankruptcy case on behalf of Decedent (not Ms. Bagsby), and decided to file a chapter 13 case "[a]t his recommendation, based on his professional beliefs." (Tr. 10:5.)  She filed the petition in Decedent's name "[b]ecause she was the debtor and I had been declared administratrix" and the mortgage loan was in Decedent's name. (Tr. 10:18-19, 23.)  Ms. Bagsby explained that she failed to follow through on filing the schedules and other requisite documents, which led to the first case's dismissal.

Ms. Bagsby worked with Attorney to file a second petition in Decedent's name in 2018 after the lender scheduled another foreclosure sale.  She recalled that "we withdrew" that case "because I had submitted yet another application for a loan modification and I also had begun the process of completing -- applying for another mortgage with a different company." (Tr. 13:17-20.)  When asked if she knew "that deceased persons were not eligible to file bankruptcy" she said that she did not know this and did not recall anyone telling her this. (Tr. 13:23-14:5.)

During his testimony, Attorney stated that he had been practicing law for about 40 years and had been a bankruptcy lawyer for most of that period.  He contended that he filed the 2016 and 2018 cases "on behalf of the Estate of" Decedent. (Tr. 31:5-7.)  He had never filed a bankruptcy case for a deceased person other than Decedent's two cases.  He advised that a software-related issue prevented him from conforming the signature on the 2016 petition electronically filed with the court to reflect that Ms. Bagsby signed the "wet" copy in a representative capacity for Decedent.  He stated that he filed skeletal petitions because both

---

[2]Transcript of Hearing for Rule to Show Cause, Requiring Appearances, and Referring the Matter to the U.S. Trustee for Investigation held on May 15, 2019.

filings were made on the eve of foreclosure and confirmed that Ms. Bagsby never provided him with the information and documents needed to prepare schedules.

Attorney testified that, prior to filing the second case, he never researched whether a decedent's estate could file a bankruptcy petition. When asked if he had concerns about filing the second petition for Decedent's estate, he responded:

> Um, there again, I wasn't sure. I'd never run into before and I hadn't -- I just wasn't sure. And so that -- in that one, we -- I put that it was a/k/a the Estate of [Decedent]. I just -- I wasn't -- again, I wasn't trying to mislead anybody or do anything like that. And so -- and again, she had -- I had [Ms. Bagsby] sign it as administratrix of the estate.

(Tr. 34:13-18.) Attorney stated that he learned from Trustee that a deceased person cannot file a bankruptcy petition, which led him to move to dismiss the second case. He testified that he refused Ms. Bagsby's request that he file a third petition for Decedent's estate.

As to his fees, Attorney testified that he received $1,500 in legal fees for filing the 2016 case and $690 for the 2018 case. He stated that he did not file Bankruptcy Rule 2016 fee disclosures in either case because he usually filed fee disclosures with a debtor's schedules and he did not file the schedules in either case.

After the hearing, the bankruptcy court took the matter under submission and reopened the first two bankruptcy cases that Attorney filed in Decedent's name.

## III.     The Bankruptcy Court enters an Order imposing sanctions on Attorney.

Several weeks later, the bankruptcy court imposed sanctions on Attorney and Ms. Bagsby. (Or. Imposing Sanctions ("Order"), Case No. 19-01810, ECF No. 29.[3]) The Order sets out findings of fact concerning Attorney's conduct in the 2016 and 2018 cases consistent with the testimony related above, and then offers several observations about that conduct.

The Order states that Attorney's testimony that he did not know that a probate estate was ineligible to seek relief under the Bankruptcy Code, that he believed he was filing on behalf of a probate estate, and that he performed no legal research on eligibility "cast a dark shadow on his

---

[3]The Order also was entered in the two cases that Debtor filed for Decedent.

veracity, as well as his competence as an attorney" and that his "answers were so alarming that they raised serious questions as to his motivations and competence." (*Id*. at 6.) It concludes that Attorney signed the 2016 petition as Decedent's attorney, and not as the attorney for Decedent's probate estate, ten years after her death. The Order notes that

> [n]owhere in any of the filings [of the 2016 case] is there any indication that [Decedent] was deceased at the time of filing, that a probate estate even existed, or that the case was filed on behalf of her probate estate. Nowhere is there any indication that someone else besides [Decedent] authorized the petition or signed it.

(*Id*. at 6-7.) Moreover, the Order states that Attorney's testimony that he did not know how to "upload" Ms. Bagsby's "wet" signature in connection with the first case was contradicted by "his actions in that the plan filed in the second case contain[ed] his wet signature as [Decedent]'s attorney." (*Id*. at 7.)

Based on these facts and observations, the Order recites several questions raised by Attorney's testimony and conduct in the two cases, including how Attorney planned on conducting the § 341 meetings, what documentation Attorney anticipated presenting to show income sufficient to fund a chapter 13 plan, what Attorney's practices are to determine a debtor's eligibility to file for relief under the Code, and "[h]ow could [Attorney], an attorney with decades of experience, truly believe [Decedent] was eligible for relief under the Code?" (*Id*. at 8.) The Order offers "pure logic" and case citations to explain that a deceased person's estate could not seek relief under the Code because such a debtor could not verify schedules or statements to be filed with a petition, provide tax returns or pay advices to Trustee, testify at a § 341 hearing, or fund a chapter 13 plan, and "would never obtain a fresh start or pursue future endeavors." (*Id*. at 8-9.) Based on the facts and its observations, the Order states:

> All of the circumstances, the statute, and good old fashion logic compel the conclusion that [Attorney] did not believe he *could* file a Chapter 13 case on behalf of [Decedent] or her probate estate, or that he even *did* file for [Decedent] or her probate estate. The facts do not support a conclusion that [Attorney] could have possibly thought that – in a stretch that boggles the mind – [Decedent] or her probate estate were eligible for relief and would perform under Chapter 13. No, [Attorney] filed the Chapter 13 in [Decedent]'s name at [Ms. Bagsby]'s request, and after accepting payment of attorney fees and court costs – a fact he failed to

disclose – with the sole intention of delaying the foreclosure. To aggravate matters, he did it TWICE.

(*Id*. at 9.)

The Order offers legal conclusions about Attorney's failures to follow pertinent rules and provisions. First, the Order states that Attorney violated Bankruptcy Rule 9011 by signing and filing the 2016 petition and the accompanying statement of Decedent's social security number. By filing these documents, Attorney made false representations about Decedent and her eligibility to petition for bankruptcy relief. Second, the Order declares that Attorney failed to disclose required information—the fees he received for filing the two bankruptcy cases—in violation of § 329 and Bankruptcy Rule 2016(b). Third, the Order asserts that Attorney's conduct violated ethics and local bankruptcy rules regarding competency and candor. Finally, the Order expresses that Attorney's conduct in filing two petitions in an ineligible debtor's name without a sufficient pre-filing investigation was unreasonable under the circumstances. Based on these findings and conclusions, the Order outlines sanctions against Attorney, including a 90-day suspension from filing new bankruptcy cases, requiring Attorney to take ten hours of continuing legal education courses in ethics, and instructing Attorney to self-report to the Tennessee Board of Professional Responsibility. Attorney filed a timely appeal from the Order.[4]

## DISCUSSION

For a court to impose a valid sanction, the conduct at issue must be sanctionable under specific legal authority. Here, the Order states that the bankruptcy court sanctioned Attorney for noncompliance with Bankruptcy Rule 9011. It provides, in pertinent part:

(a) Signature. Every petition, pleading, written motion, and other paper, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name. …

(b) Representations to the court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the

---

[4]Neither Trustee nor UST argued in the bankruptcy court that Attorney should be sanctioned. Although both Trustee and UST are named as appellees herein, neither has taken a position in this appeal.

person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,]—

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and]

> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

> …

(c) Sanctions.  If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

> (1) How initiated.

> …

> > (B) On court's initiative.  On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.

Fed. R. Bankr. P. 9011.  Attorney does not argue that the bankruptcy court failed to apply Bankruptcy Rule 9011 in a technically correct manner or that a specific sanction entered against him is excessive or unreasonable.  Rather, Attorney asserts that Sixth Circuit authority interpreting Bankruptcy Rule 9011 provides that a *sua sponte* sanction only may issue for an act "akin to contempt of court."  Based on this standard, Attorney contends that the record did not support the sanctions against him and, therefore, the court abused its discretion in imposing them.

**I.      The bankruptcy court applied the appropriate legal standard when deciding to issue *sua sponte* sanctions against Attorney under Bankruptcy Rule 9011.**

Attorney contends that "the Sixth Circuit has adopted a heightened standard for the issuance of *sua sponte* Rule 11 sanctions" as "'something akin to contempt of court.'"

(Appellant's Br. at 16 (quoting *Wesely v. Churchill Dev. Corp.*, No. 95-4024, 1996 U.S. App. LEXIS 27857, at *7-8 (6th Cir. Oct. 24, 1996) (unpublished table decision)).) Attorney then argues that

> for a litigant to be held in contempt of court, there must be "clear and convincing evidence" that "he violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Elec. Workers Pension Trust Fund of Local Union #58 v. Gary's Elc. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003) (quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591(6th Cir. 1987)).
>
> Therefore, whether this Court applies a "bad faith" standard or a "something akin to contempt of court" standard for *sua sponte* Rule 11 sanctions, one thing is clear: in order to be sanctioned under [Civil Rule 11 or Bankruptcy Rule 9011], the sanctioned party must have committed bad acts with a certain *mens rea*. Neither mistake nor negligence, *per se*, rises to the level of a *sua sponte* sanctionable event; bad faith or something akin to contempt of court is required.

(Appellant's Br. at 16-17.) Based on this depiction of the law, Attorney argues that the record does not establish that he acted in bad faith, demonstrated contempt of court, or had the requisite *mens rea* to be sanctioned.

Attorney misstates the applicable legal standard. Attorney bases his argument on *Wesely*, an unpublished decision, and states that the Sixth Circuit "has adopted" this "heightened" standard. But the Sixth Circuit has not applied this "heightened" standard in any other case, and the other authority Attorney cites to support his argument comes from courts outside the Sixth Circuit. *Wesely* itself cites a Second Circuit case for the "akin to contempt of court" standard. *Wesely*, 1996 U.S. App. LEXIS 27857, at *8 (citing *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1329 (2d Cir. 1995)).

Binding Sixth Circuit authority requires courts to apply an objective standard to determine whether to impose sanctions *sua sponte* under Bankruptcy Rule 9011. *See B-Line, LLC v. Wingerter* (*In re Wingerter*), 594 F.3d 931 (6th Cir. 2010). In *Wingerter*, the bankruptcy court issued sanctions *sua sponte* against a creditor for filing a proof of claim without making a reasonable pre-filing inquiry that the claim was valid and supported by evidence in violation of Bankruptcy Rule 9011(b)(3). The creditor's appeal reached the Sixth Circuit, which explained:

"The test for imposing sanctions [under Rule 9011(b)] is whether the individual's conduct was reasonable under the circumstances." *Corzin v. Fordu* (*In re Fordu*), 201 F.3d 693, 711 (6th Cir. 1999). "In applying this test, the bankruptcy court is not to use the benefit of hindsight but should test the signer's conduct by inquiring what was reasonable to believe at the time the [filing] was submitted." *Mapother & Mapother, P.S.C. v. Cooper* (*In re Downs*), 103 F.3d 472, 481 (6th Cir. 1996) (alterations, citation, and internal quotation marks omitted).

The bankruptcy court, therefore, should have considered all of the relevant circumstances at the time [the creditor] filed its proof of claim.

*Id.* at 939 (alterations in original). *See also Hoover v. Jones* (*In re Jones*), 546 B.R. 12, 34 (B.A.P. 6th Cir. 2016) (reviewing sanctions issued *sua sponte* against attorney under Bankruptcy Rule 9011 and stating: "The problem with the bankruptcy court's findings is that, even though the bankruptcy court acknowledged that it must judge [the attorney]'s actions based on what was reasonable for him to believe about his clients' case at the time he filed the Motion for Relief and the Adversary Complaint, the Sanctions Order does not demonstrate that the bankruptcy court applied that standard."); *cf. Oakstone Cmty. Sch. v. Williams*, 615 F. App'x 284, 288 (6th Cir. 2015) (stating sanctions issued against attorney *sua sponte* under Civil Rule 11 are considered based on objective reasonableness).**[5]**

Attorney's contention that the bankruptcy court misapplied applicable law is incorrect. The bankruptcy court was not required to determine whether Attorney acted in bad faith, or with a requisite *mens rea*, or in a manner "akin to contempt of court." It had to determine whether Attorney's conduct was reasonable at the time he filed the documents at issue. To that end, the Order quotes Bankruptcy Rule 9011(b) regarding the representations an attorney makes to the court by signing and filing a petition or other paper in a case. It correctly explains that a

---

**[5]**Courts within the Sixth Circuit also apply an objective standard when assessing motions for sanctions made by other litigants under Bankruptcy Procedure 9011(c)(1)(A). *See, e.g.*, *In re McLean Wine Co.*, 463 B.R. 838, 856-57 (Bankr. E.D. Mich. 2011) (stating that an "attorney's conduct must be tested by an objective standard of reasonableness" and the trial court should not "use the benefit of hindsight but should test the signer's conduct by inquiring what was reasonable to believe at the time the [filing] was submitted." (citations and internal quotations omitted)); *In re Pannell*, 253 B.R. 216, 219 (S.D. Ohio 2000) ("In determining whether a petition was filed for an improper purpose, the bankruptcy court must ask whether the attorney's conduct was reasonable under the circumstances" and "should avoid the wisdom of hindsight and objectively examine whether the attorney made a reasonable pre-filing inquiry that factually and legally supported the filing of the pleading." (citations and internal quotations omitted)); *In re Buchanan*, Case Nos. B90-01832, B90-01964, B90-02317, B90-02555, B90-02891, B89-03689, B90-02892, B90-02898, 1990 Bankr. LEXIS 2696, at *41 (Bankr. N.D. Ohio Dec. 5, 1990) ("A pure heart but empty head is not good enough.").

deceased person or her probate estate is ineligible to file a bankruptcy petition. *See*, *e.g.*, *Estate of Gray v. McDermott* (*In re Estate of Gray*), Case Nos. 10-14412, 10-14802, 2011 U.S. Dist. LEXIS 100207, at *14 (E.D. Mich. Sept. 6, 2011) (stating "[i]t is clear that a probate estate cannot file a bankruptcy petition" and referencing "the long-standing precedent that a probate estate is not a 'person' under the bankruptcy code and cannot file for bankruptcy relief."); *In re Shepherd*, 490 B.R. 338, 342 (Bankr. N.D. Ind. 2013) ("[I]t is universally held that a probate estate may not be a debtor. Only persons qualify for relief under title 11, *see*, 11 U.S.C. § 109(a), and a probate estate is not a person." (citations omitted)). And, the Order references the representations Attorney made in 2016 and 2018 when submitting bankruptcy filings and states that Attorney's conduct was unreasonable under the circumstances. The bankruptcy court did not base the sanctions upon an erroneous view or application of the law and, therefore, did not abuse its discretion.

**II.     The bankruptcy court did not clearly err in its assessment of the evidence supporting sanctions against Attorney.**

The Order contains multiple findings of fact about Attorney's conduct as detailed above. It then explains how Attorney's conduct violated Bankruptcy Rule 9011:

> Given that (1) [Attorney] made no inquiries and conducted no research before filing either bankruptcy case in Gayle's name, (2) there was no basis in existing law to support a reasonable possibility that a Chapter 13 case would be successful, and (3) the cases were filed for the express purpose of delaying foreclosure actions, [Attorney]'s conduct was not reasonable under the circumstances.

(Order at 14.) Yet Attorney contends that the bankruptcy court erred because "the evidence simply does not support a Bankruptcy Rule 9011 finding[.]" (Appellant's Br. at 20.)

To establish that the bankruptcy court abused its discretion based on its findings of fact, Attorney must show why specific factual findings made are clearly erroneous. But Attorney does not take issue with any specific finding in the Order or explain how any determination deduced therefrom lacks support. Instead, Attorney vaguely proclaims that "the record" does not support the sanctions levied against him. To assess Attorney's argument that the Order contains erroneous factual findings, the Panel would have to identify specific findings itself and develop Attorney's argument for him. That is not the Panel's role. "'[I]ssues adverted to in a

perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived[.]'" *Giese v. Lexington Coal Co.* (*In re HNRC Dissolution Co.*), 585 B.R. 837, 849 (B.A.P. 6th Cir. 2018) (quoting *United States v. Layne*, 192 F. 3d 556, 566 (6th Cir. 1999)).

Moreover, Attorney *admits* all pertinent factual findings and related determinations made in the Order. He acknowledges that he filed skeletal petitions under his signature in 2016 and 2018 on behalf of a deceased person and that he never filed other required documents including any Schedules. He does not challenge any of the bankruptcy court's conclusions about the purpose or effect of those filings; in other words, Attorney does not contest that both petitions were filed solely to delay foreclosure proceedings and, therefore, for an improper purpose. Attorney neither disputes that he failed to engage in a reasonable inquiry to determine Decedent's eligibility to file bankruptcy petitions before he filed them nor argues that his failure to perform the research was reasonable under the circumstances. Instead, Attorney states that he never before had been asked to determine whether a deceased person's probate estate could file a petition and he "was mistaken or, *at most* negligent, in his belief that a probate estate could file for bankruptcy relief." (Appellant's Br. at 17.) This assertion, based on an invalid legal position, does not establish that the Order contains clearly erroneous findings of fact or improper determinations about the implications of those facts. Thus, Attorney has not shown that the bankruptcy court abused its discretion in making any of the factual findings and determinations set out in the Order.

## CONCLUSION

For the foregoing reasons, the bankruptcy court's Order is **AFFIRMED**.